[Department One. — May 11, 1883.]

## WILLIAM MOHLE, APPELLANT, v. WILLIAM TSCHIRCH, HENRY DIERKS, RESPONDENT.

ATTACHMENT— PREFERRED CLAIMS— CONSTITUTIONAL LAW.— In an attachment suit certain laborers gave notice of preferred claims under section 1206 of the Code of Civil Procedure, and on the recovery of a judgment in that suit, the attached property having been previously sold under a stipulation between the parties, and the preferred claims having also been prosecuted to judgment, the court ordered that the latter judgment be first paid out of the proceeds of the sale. On appeal from this order, the section of the Code creating the preference was objected to as being unconstitutional, and it was further objected that the preference was lost by the sale of the property under the stipulation instead of an execution. *Held*, that neither of these objections was well taken.

ID.—ASSIGNMENT OF THE CLAIMS.—In such a case the preference given is not affected by an assignment of the claims after the service of the notice.

ID.— SUFFICIENCY OF NOTICE.—The notice was served on the day succeeding the levy of the attachment, and contained a statement that the claims were "for work and labor done for the defendant during the past sixty days." *Held*, that the notice was sufficient to show that the claims were for services rendered within sixty days prior to the levy.

APPEAL from an order of the Superior Court of the city and county of San Francisco, directing the payment of certain moneys in the hands of the sheriff.

The facts are stated in the opinion of the court.

*E. B. Drake,* for Appellant.

*C. E. Royce,* for Respondent.

Per Curiam.—Defendant was indebted to plaintiff in the sum of six hundred dollars money loaned, and the further sum of ninety-eight dollars for wages as a laborer, a portion of the latter sum being for work done within sixty days prior to the levy of the attachment as hereinafter mentioned.

Plaintiff brought suit to recover his gross demand, and issued therein an attachment on the 13th, which was levied upon personal property of defendant on the 15th of November, 1880. On the 16th of the same month six laborers served a notice of preferred claims, under section 1206, Code of Civil Procedure, on the sheriff, the plaintiff and the defendant, and the same day they and the plaintiff stipulated and agreed with defendant, by written stipulation filed in the action, that the attached property should be sold on the 18th "for the benefit of this plaintiff or those who were entitled to the proceeds of said property." On the 18th judgment was entered by confession in the action, and the property was sold by the sheriff for six hundred and twenty-five dollars, which sum is now in the hands of that officer.

Five of the six laborers subsequently assigned their claims to the sixth, Dierks, who, on the 24th of November, within the ten days, brought suit to recover the amount of the claims and recovered judgment in the justices' court.

Afterward Dierks, on petition filed in this action, obtained an order on the plaintiff and the sheriff to show cause why the latter should not pay the amount of said justice's judgment out of the moneys in his hands. On the 19th of January, 1881, the Superior Court made the order for the sheriff to pay the amount of said judgment, from which this appeal was taken.

It is contended by appellant that section 1206 of the Code of Civil Procedure is unconstitutional, in that it provides for taking private property without due process of law, and that it is special legislation. The section provides for notice to the attaching creditor, and the latter knows that his attachment will hold the property for the benefit of the claims of the preferred class which may be established. Our attention has not been called to any subdivision of section 25 of article 4 of the State Constitu-

tion, which prohibits such legislation as is enacted in section 1206 of the Code of Civil Procedure.

It is also urged that the claimants lost their preference because the sale was not made under execution, but under a stipulation in the cause made by plaintiff, defendant, and the labor claimants. The sale under the stipulation was, however, but a substituted sale for one under execution.

It is also urged that the judgment in this action was for ninety-eight dollars for labor done, and therefore the claimants and their assignee, Dierks, are prohibited from a preference as to that sum. But as the fund in the hands of the sheriff was six hundred and twenty-five dollars, and the amount directed to be paid to respondent was two hundred and seventy-six dollars, leaving a balance of more than ninety-eight dollars to be applied on plaintiff's judgment herein, the point of appellant is not available here.

Appellant claims the notice of the claims of the laborers did not show that their claims were for services rendered within sixty days prior to the levy of attachment herein. The attachment was levied on the 15th of November, and the notice (served on the sixteenth) contains a statement that the claims were "for work and labor done for the said defendant during the past sixty days."

Another point of appellant is that the laborers asserting their preferred claims lost the benefit of section 1206 by the assignment to one of their number, and the prosecution of their claims to judgment by him. We can see no legal reason why, after liens in favor of the claims have attached by reason of the notice, an assignment of the claims should not carry the benefit of the liens. Such must be the effect of the assignment if valid, and the assignment is not expressly, nor do we think impliedly, prohibited by the section of the Code.

Order affirmed.