In re Assignment of Sectional Dock Company; George E. Smith, Assignee, Respondent, v. P. J. Egan et al., Appellants.

St. Louis Court of Appeals, April 18, 1899.

1. Assignment for the Benefit of Creditors: TIME CHECKS: RIGHTS OF LABORERS TO PREFERENCES. In the case at bar the right of preference became a fixed right attached to the debts and it passed with the assignment of the debts. Held, that the circumstances that the wages were past due, and that the employees held checks therefor, are sufficient to justify the inference that a demand of payment was made.

2. ———: ———: ASSIGNEE: JURISDICTION OF CIRCUIT COURT. The judgments or actions of an assignee from which appeals are contemplated concern the allowance of demands rather than their classification. Held, that any action of the assignee as to rights of preference or priority of payment is subject to a final review and control by the court where the assignment is pending.

*Appeal from the St. Louis City Circuit Court.*—Hon. Daniel D. Fisher, Judge.

Reversed and remanded.

H. M. Wilcox for respondent.

The circuit court had no jurisdiction to hear and determine appellants' claims, at the time, and in the manner

shown by this record.   The judgment of the assignee was conclusive unless appealed from, within the time fixed by the statute.   R. S. 1889, secs. 446 to 449; Eppwright v. Nickerson, 90 Mo. 25; Nanson v. Jacob, 93 Mo. 331; Kendrick v. Mfg. Co., 60 Mo. App. 22.   The circuit court can not on motion order the assignee to her creditors' claims.   If he refuses to hear them, the proper remedy is by mandamus. January v. Powell, 29 Mo. 241.   But if the question here turned upon the point whether a right to priority like this, or a right to an inchoate statutory lien is assignable, there are weighty authorities which deny it.   In addition to the cases cited in the preceding paragraph, all of which are in point on this question also, we cite:   Statutory lien for wages against insolvent corporation.   Spencer v. Hodgman, 57 Hun 490; Statutory lien for tolls on logs sluiced through dam, Tewksbury v. Bronson, 48 Wis. 581; Statutory lien for labor in building vessel, Pearsons v. Tincker, 36 Me. 384; Lien on crop for rent of land, Roberts v. Jacks, 31 Ark. 597; Time check for labor on railroad, Brown v. Smith, 55 Iowa 31; Statutory lien for labor on railroad, Griswold v. Railroad, 18 Mo. App. 52; Brown v. Railroad, 36 Mo. App. 458; O'Connor v. Railroad, 111 Mo. 185; Dano v. Railway, 27 Ark. 564; Railway v. Fackney, 78 Ill. 116.   In this last case the Illinois court holds, that the assignment is not good at law, thus implying that it might be good in equity.   Our own supreme court, however, has decided  that where the president of a corporation advanced his own money to pay off its employees, he was not entitled in equity to be subrogated to the preference given by the statute to such labor claims, as against a receiver subsequently appointed.   Suddath v. Gallagher, 126 Mo. 393. The rule is almost universal that the assignment of  a contract or account  does not carry the right to file and enforce a mechanic's lien thereon.   Rollin v. Cross, 45 N. Y. 766; Bank v. Day, 52 Iowa 680; St. John v. Hale, 41 Conn. 522; Brown v. Harper, 4 Ore. 89.

O'NEILL RYAN for appellants.

It is conceded that the claims, if presented by the laborers who assigned them to petitioners, would have been allowed as preferred under the first part of that section, and the language above quoted is, in my opinion, broad enough to cover amounts greater than $100. The question has never been decided in our state courts, so far as I can learn after long and thorough search. It has been decided affirmatively by the federal court in this circuit (Treat, J.) in Iron Co. v. Laclede W. & L. Co., 26 Fed. Rep. 420. Judge Treat allowed, as preferred, claims made by assignees of laborers—seeming to assume, as of course, that they were equally entitled with their assignors to the preference. This decision was under section 761, Revised Statutes 1879, which was the same as section 2538, so far as this question is involved. Judge Treat's opinion, or assumption, is in line with the weight of authority. Mohle v. Tschirch, 63 Cal. 381, 383; Drennen v. Mercantile T. & D. Co., 23 Southern, 164, 172; and see Thompson on Corp., sec. 7117. Where, discussing preferences allowed laborers in receivership matters, he declares the rule to be that there is no legal distinction between claims still in the hands of the laborers or materialmen or in the hands of their assignees. See, also, Burnham v. Bowen, 111 U. S. 777, 783; Union Trust Co. v. Walker, 107 U. S. 596. And the equitable rule laid down in those cases has been followed with respect to statutory liens. 3 Thompson on Corp., sec. 3143; McElhenny, Adm'r, v. Binz, 80 Tex. 1, 19, 20; Kerr v. Moore, 54 Miss. 286, 288. These claimants cashed the time checks, giving money or groceries, and paying in every instance dollar for dollar. Our courts will not permit the right to file a mechanic's lien to be assigned, but the lien once perfected it may be assigned with all the rights and remedies incidental thereto under the statute. Nothing is required by

section 2538 to be done by the laborer as in the case of mechanics or of laborers seeking redress under section 4911.

BIGGS, J.—In May, 1897, the Sectional Dock Company, a corporation, made a general assignment under the statute for the benefit of creditors. At the time of the assignment the appellants herein held various "time checks" issued by the company to laborers performing work within three months next preceding the assignment. It seems that the company was unable to pay its employees in cash, and instead issued to each of them a time check, showing the number of days that the holder had worked, where he worked, and the amount due him therefor. The appellants were grocerymen. They purchased some of these checks from the men, after receiving assurance from the officers of the company that the checks were genuine, and would be paid. In some instances they paid all cash and in others part cash, and the balance in groceries. In each case the checks were purchased at their face value, either in money or money's worth. Soon after the purchase of the checks the company made the assignment. The appellants presented their demands to the assignee for allowance and they were duly allowed. The appellants demanded that the assignee should place the demands in the list of preferred creditors, which he declined to do. The preference was claimed under section 2538, Revised Statutes 1889, as amended by the legislature in 1895 (Session Acts 1895, p. 101). Subsequently the appellants presented their petition to the circuit court, where the assignment is pending, setting forth therein the foregoing facts, and praying the court to declare a preference in favor of their claims, and that the assignee be ordered to so classify and pay them. The facts as above set forth were established by the evidence. There was no dispute as to the facts. The circuit court approved the allowance of the demands as made by the assignee,

but refused to declare a preference.     The appellants have brought the proceedings to this court by appeal.

The assignee concedes that if the claims in controversy· had remained in the hands of the laborers they would be entitled to preference under the statute, but he denies that the appellants as purchasers of the claims acquired any such right.     The pith of the argument is that at the time of the purchase of the claims, which was prior to the assignment, the rights of the laborers to preferences were inchoate, were bare equities with no potential existence, and therefore were unassignable.     If this premise is right, the conclusion is right.

The amended section (Session Acts 1895, *supra*) reads as follows:

"Section 2538.     All corporations shall make payment to their employees and other operatives of wages due for all labor and services performed by them within three months next preceding a demand made therefor, not exceeding one hundred dollars, in preference to any other claim, debts or demands whatsoever, not secured by specific liens on property; and such priority of payment may be enforced by civil action.     Payment of wages shall be made on or before the fifteenth day of each month for the full amount of all wages earned previous to the first day of that month, with interest at six per centum; if not paid, to be added to the amount of said wages when paid or recovered by suit.     All debts due employees or operatives for wages of their labor shall have priority of payment from the money and assets of the corporations in the hands of officers or agents, or any receiver or assignee, over every other claim not specifically secured.     Every corporation, officer, agent, receiver, assignee, or person holding money or assets, refusing to recognize the priority of employees claims, shall be liable to such employees for the amount of all loss and damages occasioned by his unlawfully withholding the money."

The plain  intention of the legislature, as indicated by the foregoing section, was to secure employees in the payment

of their wages in preference to the ordinary creditors of the corporation. The law of its terms applies to both solvent and insolvent concerns. While the corporation is a going concern, that is prior to an act of insolvency, the monthly wages of its employees are made payable not later than the fifteenth day of the next succeeding month, and if their wages (not exceeding $100) for one month or for three months next preceding a demand for payment are not paid, the laborers become preferred creditors as a matter of law, and the act expressly gives them the right to enforce their preferences by civil actions. Where the corporation assigns its property or its business goes into the hands of a receiver, the right of the employees to be preferred for unpaid wages earned within three months next preceding the date of the assignment becomes complete by the act of bankruptcy; therefore in administering the assets of an insolvent corporation the duty of the assignee as to such claims is unmistakable. There is no room to question the right of preference as to them. Neither is the right of preference questionable as to the past due wages whenever earned, provided the right of the laborer to the preference has been fixed or completed, for the assignee stands in the shoes of his assignor and he must administer the assigned property subject to all existing liens and equities. What is necessary for an employee to do to complete or perfect his inchoate right of preference under the statute? And did the employees here observe the statutory requirements prior to the transfer of their claims? If they did then the judgment of the circuit court is wrong, for the conclusion is unavoidable that when the right of preference becomes fixed or is enforcible, it attaches itself to the debt and passes with the debt to the assignee thereof. This was the ruling of Judge Treat in the case of Bambria Iron Works v. Laclede Wire Co. (Turner Intervenor), 26 Fed. Rep. 420, where this statute (then section 761, Revised Statute 1879), was under consid-

*CONSTRUCTION of statute.*

eration.    There is a similar statute in California, which the
supreme court of that state construed and applied in the case
of Mohle v. Tschirch, 63 Cal. 381.    There the laborers gave
notice of their claims and their right of preference to the
attaching creditor, the sheriff, and the debtor.    They subse-
quently assigned their claims to the intervenor.    Concerning
the rights of the latter the court said:    "We can see no legal
reason why after liens in favor of the claims have attached
by reason of the notice, an assignment of the claims should not
carry the benefit of the liens."    In receivership proceedings
as applied to insolvent railroad companies the United States
courts have universally recognized and enforced preferences
in the payment of labor claims in the hands of purchasers.
The supreme court in Union Trust Co. v. Walker, 107 U. S.
596, after stating the equitable grounds for the preference of
such claims over the mortgage debt says:    "The right (of
preference) is one that attaches to the debt and not the person
of the original creditor; consequently his right passes with
an assignment of the debt."    To the same effect is Burnham
v. Bowen, 111 U. S. 776, and Kerr v. Moore, 54 Miss. 286.
The cases cited and relied on by the assignee, which deny the
assignability of such a right of preference, are based on stat-
utes which only accord to employees priority of payment
where the corporation assigns or its business is placed in the
hands of a receiver.    The purport of these decisions is that
the inchoate lien or right of preference does not become a
potential or expectant legal right until the corporation com-
mits an act of bankruptcy and that an attempted assignment
of it prior to that is nugatory.    In other words, the priority
or preferences is only available to employees holding unpaid
claims for wages at the time of the bankruptcy or to their
subsequent assignees.    It is obvious that these cases are not
applicable here, for under our statute such a preference may
become fixed and may be enforced while the corporation is a
going concern and such a right can not be impaired or affected

by the subsequent bankruptcy of the corporation. Such a case is presented by this record and the important inquiry is (as before stated) was the right of preference fixed or complete before the claims were sold? It is undisputed that the claims were just and were due for wages of employees for three months next preceding the issuing of the time checks, and that the respective claims were less in amount than $100 wherefore if the employees demanded payment of their claims prior to their transfer to appellants, the right of preference became a fixed right attached to the debts, and it passed with the assignment of the debts. There is no direct or positive evidence in the record that such a demand was made, but we think that the circumstances that the wages were past due and that the employees held checks therefor, are sufficient to justify the inference that a demand of payment was made. It is not reasonable to suppose that the corporation would have issued the checks in the absence of some sort of request to pay the money. Our conclusion is that the judgment of the circuit court is wrong.

But it is insisted that the judgment should not be disturbed for the reason that the circuit court had no jurisdiction to hear and determine the question of preference in that the matter had been previously determined by the assignee adversely to the appellants and no appeal had been taken from his judgment. The judgments or actions of an assignee from which appeals are contemplated concern the JURISDICTION of allowance of demands rather than their classification. Any action of his as to rights of preference or priority of payment is subject to a final review and control by the court where the assignment is pending, and as such to such questions either he or the creditors may apply to the court for directions. Burrill on Assignments, p. 531; Platt v. Adams, 7 Paige, 615. Hence it is obvious that this contention is without merit.

The judgment of the circuit court will be reversed and the cause remanded. All concur.