BEAVER DAM MARBLE COMPANY, a corporation of the State of Maryland, *vs.* WILLIAM H. JONES AND COMPANY, a corporation of the State of Delaware.

1.  TRIAL—INSTRUCTIONS—WEIGHT OF EVIDENCE.

The jury are the exclusive judges of the weight of the evidence, and in a civil case are bound to determine the issues according to the weight or preponderance of the evidence in favor of either party.

2.  WORK AND LABOR—STONE DELIVERED AND USED.

Where plaintiff delivered stone to defendant without any special agreement or contract, and the stone was accepted and used by defendant, plaintiff is entitled to recover the reasonable value thereof.

3.  ACCOUNT STATED—WHAT CONSTITUTES.

Where an account is rendered, showing a balance due from one person to another, and the indebtedness so expressed is acknowledged to be due by the debtor, or where persons having previous transactions agree on a definite balance as due from one to the other, such agreement will constitute an "account stated".

**4. SET-OFF AND COUNTERCLAIM—"RECOUPMENT".**

"Recoupment" is the right of a defendant in the same action to claim damages from the plaintiff, either because it has not complied with some cross-obligation of the contract on which it seeks to recover, or because it has violated some duty which the law imposed in making or performing the contract.

**5. EVIDENCE—RECOUPMENT—BURDEN OF PROOF—DAMAGES.**

The burden of proving matter in recoupment is on defendant, and goes only in reduction of claimant's demand; defendant not being entitled to recover any balance or excess.

**6. TRIAL—CONFLICTING TESTIMONY—DUTY TO RECONCILE.**

It is the duty of the jury to reconcile conflicting testimony, if possible, and, if not, to believe such evidence as they deem most worthy of belief, considering the interest, bias, or prejudice of the witnesses.

(<i>January</i> 26, 1915.)

Judges CONRAD and HEISEL sitting.

*Caleb E. Burchenal* and *W. W. Knowles* for plaintiff.

*Philip L. Garrett* for defendant.

Superior Court, New Castle County, January Term, 1915.

ACTION IN ASSUMPSIT (No. 128, September Term, 1914) by Beaver Dam Marble Company against William H. Jones and Company, a corporation, to recover agreed price for "broken range stone", alleged to have been sold and delivered.

The facts sufficiently appear in the charge to the jury.

HEISEL, J., charging the jury:

Gentlemen of the jury:—The Beaver Dam Marble Company, a corporation of the State of Maryland, the plaintiff in this suit, seeks to recover from William H. Jones and Company, a corporation of the State of Delaware, the defendant, the sum of five hundred and ninety-six dollars and fifty-two cents, with interest thereon from the twenty-fifth day of October, 1913.

That the plaintiff and defendant are corporations as alleged in the pleadings is admitted.

The plaintiff contends that it made a verbal agreement with William H. Jones to furnish him with stone from its quarry in the State of Maryland, to be used in the construction of the

18

McCabe Memorial Church in this city; that the stone so furnished was what is known in the stone trade as "broken range stone," for which the said William H. Jones agreed to pay the plaintiff two dollars and fifty-five cents per ton, f. o. b. cars the quarry; that the plaintiff furnished under said agreement fourteen car loads of said stone, amounting, at the price agreed upon, to the sum of one thousand, six hundred and twenty-three dollars and twelve cents, of which amount there still remained due and owing the sum of five hundred and ninety-six dollars and fifty-two cents, with interest from March 19, 1914.

Plaintiff further claims that after it had shipped two or three car loads of said stone to the said William H. Jones, the defendant company, of which the said William H. Jones was an agent, assumed or adopted the agreement between the said William H. Jones and the plaintiff, and thereby agreed to receive and pay for the stone contracted for by the said William H. Jones. Plaintiff further claims that while the stone was shipped in the name of William H. Jones, the stone was in fact received by and used by defendant company. Plaintiff also claims that before the bringing of this suit, there was an account stated between the plaintiff and defendant and that the defendant then and there promised to pay the amount so found due to plaintiff.

Resisting these contentions, the defendant claims that it never made any contract verbally or otherwise with the plaintiff concerning the stone in question, nor did it adopt or assume the contract made by William H. Jones, as contended by plaintiff.

The defendant further contends that, even should you believe it did adopt or assume the agreement entered into by William H. Jones with plaintiff, still plaintiff would not be entitled to recover, because the stone shipped by plaintiff was not broken range stone as called for under the agreement, but was of such shapes and sizes that defendant was obliged to expend and did expend one thousand, four hundred and fifty-six dollars more for labor in dressing and laying the said stone than it would have expended had the stone been broken range stone as specified in the agreement.

Defendant admits that the amount of stone claimed to have

been shipped by the plaintiff under the agreement was shipped by it, but claims that it was shipped to and used by William H. Jones personally and not by the defendant.

What we have stated to you, gentlemen, are the contentions of the parties.

We decline to instruct you to give a verdict in favor of the defendant, as prayed for by the defendant, because we think the evidence should be submitted to you for your consideration.

[1]   Of the evidence in this case you are the sole and exclusive judges, and from the evidence you are to determine the issues, not by the rule of reasonable doubt as prevails in criminal cases, but according to the weight or preponderance of the evidence in favor of the plaintiff or the defendant.

If you are satisfied from the evidence that defendant company had an agreement with the plaintiff to purchase from plaintiff stone known as broken range stone from its quarry, at the price of two dollars and fifty-five cents per ton, f. o. b. cars the quarry, whether said agreement was made originally with the defendant or made originally with William H. Jones, and assumed or adopted by the defendant after the first few car loads had been shipped, and that the remaining cars of stone were received by the defendant and used by it and have not been paid for, the plaintiff would be entitled to recover.

[2]   Or, the plaintiff having declared on the common counts, if you should be satisfied from the evidence that the plaintiff had no special agreement or contract with the defendant, but should be also satisfied from the evidence that plaintiff did deliver stone to defendant, and the stone was accepted and used by the defendant, plaintiff would be entitled to recover what such stone would be reasonably worth.

[3]   In general terms where an account is rendered by one person to another, showing a balance due from the one to the other, and the indebtedness thus expressed is acknowledged to be due by the person against whom the balance appears, or where parties having previous transactions agree upon a definite balance as due from one to the other, this will constitute an account stated.   So in this case if you should find there was an account

stated, as just defined, between the plaintiff and defendant, and are further satisfied that the amount thus found has not been paid, plaintiff would be entitled to recover the amount so found to be due.

[4] The defendant at the time of filing its pleas also gave notice of recoupment, by which it seeks to recover damages in reduction or satisfaction of the plaintiff's claim in this action. Recoupment is the right of the defendant in the same action to claim damages from the plaintiff either because it has not complied with some cross obligation of the contract upon which it seeks to recover, or because it has violated some duty which the law imposed in making or performance of that contract. Under notice of recoupment it is competent for the defendant to give evidence of damages, if any, growing out of the transaction between them.

[5] The burden of proving the matter set up in the notice of recoupment in the way of defense rests upon the defendant. Such a defense whenever made goes only in reduction of claimant's demand, and the defendant cannot recover for any balance or excess, if it should exceed the claimant's demand.

. Whether the plaintiff's claim should be reduced by reason of any damages which the defendant alleges it has sustained, you should determine .from the evidence respecting such damages, considered in connection with all the evidence in the case.

[6] As we have already said, the facts in the case, as shown by the witnesses, are for your exclusive determination. Where the evidence is conflicting you should reconcile it if you can. If you cannot reconcile it, you should believe the evidence of those witnesses whom you deem most worthy of belief, taking into consideration the interest, bias or prejudice the witnesses may have in the case, and your decision should be in favor of the party with whom rests the preponderance or greater weight of the evidence.

Verdict for plaintiff.