MAY & ELLIS COMPANY *v.* FARMERS UNION MERCANTILE COMPANY.

Opinion delivered October 18, 1915.

1. ACCOUNT RENDERED—EFFECT OF RETENTION WITHOUT OBJECTION.—A shipped goods to B, sending a bill for same and an itemized account. B did not examine the goods until later, and two months after its receipt he notified A of certain shortages. In an action by A to recover the whole charge *held* it was error for the trial court to give a peremptory instruction in B's favor, but that the question should have been submitted to the jury.

2. ACCOUNT RENDERED—OBJECTION.—When an itemized account is rendered, objection must be made within a reasonable time, otherwise it becomes an account stated, and subject to attack for fraud or mistake only.

Appeal from Lafayette Circuit Court; *Geo. R. Haynie,* Judge; reversed.

*D. L. King,* for appellant.

1. It was error to direct a verdict. The cause should have been submitted to the jury under proper instructions as to the unreasonable delay in making objections.

No brief filed for appellee.

McCULLOCH, C. J.    This is an action instituted in the circuit court of Lafayette County by appellant, a Louisiana corporation, against appellee, a domestic corporation engaged in mercantile business at Stamps, Arkansas, to recover a balance of $130.34 alleged to be due on an open account for goods and merchandise sold and shipped from appellant's place of business in the city of New Orleans.  Appellee, in its answer, admitted that it purchased a bill of goods from appellant and received a shipment and the invoice, but that on opening the boxes of goods there were found to be shortages of items aggregating the sum of $130.34, according to the invoice price, and that appellee paid the balance of the bill but refused to pay for the items found to be short.  There was a trial of the case before a jury, but the court gave a peremptory instruction in appellee's favor.

An itemized, verified account was exhibited with the complaint, and shows a balance of the amount claimed by appellant.  The manager of appellee corporation testified in substance that he purchased the bill of goods from appellant and that the same was shipped out from New Orleans on December 30, 1913, and receive by appellee at its place of business in Stamps on January 6, the invoice being mailed out at the same time and received by appellee in due course of mail.  He testified that on account of certain changes in the business of appellee the goods were not opened until about a month after their receipt, and that then the shortages were discovered and later reported to appellant when the remainder of the bill was paid.  In other words, his testimony shows that the goods were received on January 6, 1914, but not opened until about a month from that date, and that on March 10, 1914, the alleged shortages were first reported to appellant.  The letter from appellee to appellant was introduced in evidence, giving notice of the alleged shortages.  The letter is dated March 10, 1914, and states that the boxes of goods were received in good order, but when

opened up, about a month after receipt, items aggregating in price the sum of $130.34 were found to be missing.

In this state of the proof the court should not have given a peremptory instruction, but should have submitted the issues to the jury upon appropriate instructions. The testimony in the case would have warranted a finding in appellant's favor that the failure of appellee to make objection to the account within a reasonable time converted the transaction into an account stated. The facts of the case bring it very clearly within the decision of this court in *Hamilton-Brown Shoe Co.* v. *Choctaw Mercantile Co.,* 80 Ark. 438. The facts in that case were very similar to the facts of the present case, there being a claim of shortage in a shipment of goods, and we reversed the judgment of the trial court on account of the refusal to give an instruction to the effect that it was the duty of the defendant, "if it claimed a shortage, to report the same within a reasonable time," and that if there was a failure to do so, the jury might consider that fact, together with all other facts in the case, as to whether or not the defendant received all the goods with which it was charged. In disposing of the case here, we said: "It is well settled that when an itemized account is rendered objection must be made within a reasonable time, or it becomes an account stated and subject to attack for fraud or mistake only. * * * The retention of the account without objection is evidence of more or less weight according to the length of time, the business, character, education of the parties and all the circumstances of the case."

In Ruling Case Law, volume 1, page 213, the law on this subject is stated as follows: "But an account which has been rendered and to which no objection has been made within a reasonable time is to be regarded as admitted by the person charged as *prima facie* correct. This wholesome presumption rests on the principle which is the foundation of evidence of this kind, namely, that the silence of the receiver of the account warrants the inference of an admission of its correctness. The circum-

stances of each case govern the strength of the inference."

The circumstances in this case, as related by the manager of appellee corporation, were sufficient to warrant a submission to the jury of the question whether or not appellee had by silence for an unreasonable length of time admitted the receipt of the goods.

For the error in giving a peremptory instruction, the judgment is reversed and the cause remanded for a new trial.