MAY & ELLIS COMPANY *v.* FARMERS UNION MERCAN-
TILE COMPANY.

Opinion delivered November 27, 1916.

EVIDENCE—CONTRACT FOR SHIPMENT OF FREIGHT—PROOF—INVOICE.—
Appellee, having contracted to purchase certain goods from appellant,
refused to pay for same on account of certain alleged shortages in the
shipment. Complaint of the shortage was not made until thirty days
after receipt of the goods. *Held*, testimony showing that the invoice
recited that complaint must be made within ten days, was inadmissible
in an action to recover on the contract, since the invoice was not evi-
dence of the terms of the contract between the parties.

Appeal from Lafayette Circuit Court; *Geo. R.
Haynie*, Judge; affirmed.

*D. L. King*, for appellant.

1. The court erred in refusing to permit appellant
to read the deposition of S. R. Wood. Kirby's Digest,
§ 3190; 75 Ark. 422.

2. No objection to the bill was made until after
ten days. 80 Ark. 438; 1 Rul. C. L. 213.

HART, J. Appellant sold to appellee a bill of mer-
chandise and sued appellee to recover the balance al-
leged to be due. Appellee admitted that it bought the
bill of goods from appellant, but alleged that appellant
had not shipped certain articles of the value of $130.34,
and refused to pay for the items which it claims were
not shipped.

The testimony on the part of appellee tended to
show that on account of a change in its business, the
goods were not taken out of the box in which they were
shipped until about a month after their receipt, and
that for this reason the shortage was not discovered. As
soon as the shortage was discovered, appellee gave to
appellant notice thereof. This was substantially the
same testimony as that introduced on the former trial
of the case, when the court directed a verdict in favor
of appellee. The judgment was reversed on that ac-
count. See *May & Ellis Co.* v. *Farmers Union Mercan-
tile Co.*, 120 Ark. 316, 179 S. W. 490. Upon a retrial of

the case under proper instructions from the court, the jury returned a verdict in favor of appellee, and the case is here on appeal.

The only grounds of reversal relied upon by appellant is that the court erred in excluding certain testimony from the jury. Appellant offered to prove by one of its officers that it sent an invoice of the shipment to appellee, and that there was printed on it the following, "All claims or any objections to this bill must be made within ten days." Appellee's own testimony showed that the alleged shortage was not discovered until about a month after the goods were received, and that no objection to the bill was made until that time. The court did not err in excluding the testimony. The invoice was not the contract of sale between the parties. The contract of sale had been made before that time. The invoice was only a list of the goods shipped with the prices set opposite each item. Therefore, the judgment will be affirmed.