DELAWARE ENGINEERING COMPANY *vs.* THE PUSEY & JONES COMPANY.

1.  ACCOUNT STATED—RENDITION OF STATEMENT HELD TO CONSTITUTE AN "ACCOUNT STATED".

    Generally, where an account is rendered showing a balance due and the indebtedness thus expressed is acknowledged to be due by the person against whom the balance appears, there is an "account stated."

2.  ACCOUNT STATED—PLAINTIFF NOT REQUIRED TO PROVE THE VARIOUS ITEMS.

    In an action upon an account stated, plaintiff is not required to prove the various items of the account.

3.  SALES—MANUFACTURER KNOWING PURPOSES OF ARTICLE MUST MANUFACTURE IT SO THAT IT IS REASONABLY SUITED FOR SUCH PURPOSE.

    Manufacturer who has knowledge of the purpose for which the article which he has agreed to manufacture is to be used is required to manufacture the article so that in all respects it is reasonably suitable for the purpose for which it was made and intended.

4.  SALES—MANUFACTURED ARTICLE MUST BE EXAMINED AS TO DEFECTS WITHIN REASONABLE TIME AFTER DELIVERY.

    The party for whom an article has been manufactured must examine the article within a reasonable time after its delivery, and, if defective and not reasonably suitable for the purpose for which it was intended, must notify the manufacturer of its defective condition within a reasonable time.

5.  SALES—PARTY SUPERVISING MANUFACTURE OF ARTICLE ENTITLED TO LESS TIME FOR EXAMINATION.

    If an article is being manufactured under the supervision of the party for whom it is being made, or his duly authorized agent, a reasonable time for its examination and the notification to manufacturer of any defects will be less than if the work had not been so supervised.

6. CONTRACTS—MANUFACTURED ARTICLE MUST REASONABLY COMPLY WITH PLANS AND DRAWINGS.

Where an article is to be made in accordance with plans and drawings, the manufacturer must manufacture the article so that it will reasonably com ply in all respects to the plans and drawings; the question of whether there has been reasonable compliance depending on the facts and circumstances of each particular case.

7. SALES—MANUFACTUERER CAN RECOVER FOR ARTICLE NOT COMPLYING WITH PLANS AND DRAWINGS IF IT IS ACCEPTED.

Manufacturer is entitled to recover for manufacture of articles accepted by the party for whom they have been made after such party has supervised the manufacture of the articles, even though articles were not made in accordance with the plans and drawings.

8. CONTRACTS—WHERE PRICE DEPENDS ON NUMBER OF HOURS OF WORK ARTICLE MUST BE COMPLETED IN REASONABLE TIME.

Manufacturer who is to be paid according to number of hours of work performed is required to finish the work on the article in a reasonable number of hours, and in determining what is a reasonable number of hours all the facts and circumstances are to be considered.

9. CONTRACTS—OBJECTION TO TIME SPENT IN MANUFACTURE OF ARTICLE MUST BE MADE WITHIN REASONABLE TIME AFTER COMPLETION.

Where manufacturer is to be paid according to the number of hours of work performed, and where person for whom article is being manufactured, or his authorized agent, supervises the manufacture of the article, such person must object to the time expended on the manufacture of the article either before or a reasonable time after completion.

(*November* 24, 1920.)

BOYCE and RICE, J. J., sitting.

*John W. Huxley, Jr.*, for plaintiff.

*George N. Davis* for defendant.

Superior Court for New Castle County, November Term, 1920.

SUMS. CASE, No. 114, November Term, 1919.

Action by Delaware Engineering Company against the Pusey & Jones Company for breach of contract. Verdict for plaintiff.

The facts appear in the charge of the Court.

RICE, J., charging the Jury:

This is an action brought by the Delaware Engineering Company, the plaintiff, against The Pusey & Jones Company, the defendant, to recover the sum of $24,831.18, with lawful interest from May 27th, 1919, to date, for work and labor done by the plaintiff for the defendant.

The plaintiff declared upon the common counts and in substance claims:

That it was and is engaged in a general machinery manufacturing business, in the City of Wilmington; that in 1918 representatives of the plaintiff and defendant companies arranged for the plaintiff to manufacture certain articles to be used by the defendant in its business of shipbuilding and also to perform work and labor in the manufacture of parts of an aeroplane motor, and to furnish material and make tools necessary to be used in the manufacture of the motor parts; that the work on the motor was to be done from plans and drawings presented to and furnished the plaintiff by the defendant company, upon orders from the defendant to the plaintiff directing the work to be done; that the work was to be done under the immediate and direct supervision and inspection of an authorized agent of the defendant; that upon the completion of any part or article it was immediately to pass into the possession and control of the defendant; that the work done was to be paid for by the defendant at the rate of $1.25 per hour, in addition to the cost of any materials furnished by the plaintiff, either in manufacturing the motor parts, or in making tools necessary by the plaintiff to be made in making the parts ordered.

The defendant denies many of the claims of the plaintiff, and claims that the plaintiff entered into an oral contract under the terms of which the plaintiff engaged to do certain work for the defendant which work the defendant divides into two classes; one, work done for its shipyard, and the other to manufacture parts of an aeroplane motor, and to make certain tools necessary to be made and used by the plaintiff in making and finishing parts of the motor. The defendant admits that the work done by the plaintiff for defendant's shipyard was of a satisfactory character in all respects, and admits that it now owes the plaintiff the sum of $2,273.40, with lawful interest thereon from April 19th, 1919, to date. With respect to the work done on the motor parts, the defendant claims that the work was to be done under the contract as claimed by defendant, and in accordance with plans and draw-

ings furnished the plaintiff, and that the work done by the plaintiff on the motor parts was not done in a workmanlike way, and was not done in accordance with the plans and drawings furnished the plaintiff, and by reason thereof many of the parts made were totally unfit and not suitable for the purposes and uses for which they were intended. The defendant also claims that the plaintiff charged it for an unreasonable number of hours in the performance of the work, much greater than was reasonably required to do the work on the motor parts and to make the tools necessary to be made, also that the plaintiff wrongfully charged it for making some tools which were not necessary, and excessively charged it for tools which the plaintiff made and which could have been purchased in the open market. It is also claimed by the defendant that under the terms of the contract, as claimed by it, the finished parts were to be delivered by the plaintiff to the defendant and that many of the parts ordered have not yet been delivered by the plaintiff and, therefore, the plaintiff has failed to perform and complete its contract.

The defendant among other things denies that the work was done under the supervision and inspection of its agent or agents.

There is another claim made by the plaintiff to which we have not previously made reference, but which we will now state, viz: That subsequent to the completion of all work ordered by the defendant company, representatives of the plaintiff and defendant met and went over these accounts and it was agreed between them that the account as rendered was correct and would be paid exclusive of interest which interest the plaintiff was willing to concede in favor of the defendant. This claim of the plaintiff is what is generally considered in law as an account stated.

The defendant, however, denies this claim of the plaintiff, and contends that at the time the only claim of the plaintiff which it admitted to be due and owing was the work done by the plaintiff for the shipyard of the defendant.

[1] In general terms, where an account is rendered by one person to another, showing a balance due from the one person to the other, and the indebtedness thus expressed is acknowledged

to be due by the person against whom the balance appears, this will constitute an account stated. So, in this case, if you should find, by a preponderance of evidence, there was an account stated, as just defined, between the plaintiff and defendant, and are further· satisfied that the amount thus found has not been paid, plaintiff would be entitled to recover the amount found by the parties at the time to be due.

[2]  For the plaintiff to recover upon an account stated, it is not necessary for it to prove the various items of the account. *Beaver Dam Marble Co. v. Jones & Co.*, 5 *Boyce*, 272, 275, 92 *Atl.* 1012.

Upon such a finding by you, it would not be necesary for you to further consider the liability of the defendant, and your verdict should be in favor of the plaintiff.

If you find from the evidence that there was not an account stated between the parties to this action, then as the defendant admits that it owes plaintiff for the work done for defendant's shipyard, you must find a verdict in favor of the plaintiff, at least for the amount admitted by the defendant to be due the plaintiff for the work done with lawful interest thereon from April 19th, 1919, to date.

As the controversy between the parties to this action arises chiefly, if not wholly, over the work done upon the parts made for the motor and the tools made by the plaintiff, what we now say will have reference chiefly to this branch of the case.

[3–5]  When one person engages to manufacture an article for another and such other person has  knowledge of the purpose for which the article is to be used, the article must be made so that in all respects it is reasonably suitable for the purpose for which it was made and intended.  There, however, rests a duty upon the person for whom the article is made to examine it within a reasonable time after its delivery and if the article is found defective and not reasonably suitable for the purpose for which it was intended, to notify the person who made the article of its defective condition, within a reasonable time. And if the article should be made under the supervision of the party ordering it, or his duly authoriz-

ed agent, a reasonable time for its examination and the notification of any defects making it unsuitable for the purpose intended, would be less than if the work had not been so supervised.

[6]   Where an article is to be made in accordance with plans and drawings, the person making the article must make it so that it will reasonably comply in all respects to the plans and drawings and what is a reasonable compliance depends upon the facts and circumstances of each particular case.

[7]   If you should find from the evidence that the plaintiff performed work and labor in manufacturing parts of a motor, and making necessary tools for the defendant under the direct supervision of defendant's authorized agent, the defendant would be liable to pay the plaintiff a reasonable price for the work done on articles accepted by such supervisor, and if such work was done at a price agreed upon by the parties, then the defendant would be liable to compensate the plaintiff at the agreed price, and if the articles or parts were to be made in accordance with plans and drawings furnished the plaintiff, although the articles or parts should not conform with the plans and drawings, but was passed and accepted by a supervisor, the authorized agent of the defendant, the plaintiff would yet be entitled to a recovery.

However, if you should find, as claimed by the defendant, that the work was not done on the articles or parts under the supervision of an authorized agent of the defendant, and the articles or parts were to be made in accordance with plans and drawings furnished the plaintiff by the defendant, and the articles or parts completed did not reasonably conform with the plans or drawings and could not reasonably be used for the purposes for which they were intended, and by reason thereof were not accepted by the defendant, the defendant would not be liable for any such parts or articles it rejected or refused to accept.

[8, 9]   Where one person engages another to make or manufacture an article for him, and the person employed is to be paid by the hour for the work, it is the duty of that person to finish the work on the article in a reasonable number of hours, and in determining what is a reasonable number of hours all the facts·

31 Del.]     Dela. Eng. Co. vs. P. & J. Co.     169

Opinion.

and circumstances are to be considered, and if the person engaged takes an unreasonable time to complete the work, the person so engaged may be entitled to be compensated for such time only as may reasonably have been required to do the work. But if under like circumstances of employment the work should be under the supervision of the employer or his authorized agent, and no objection is made by the employer or his agent with respect to the time expended upon the manufacture of the article either before or at the time of its completion or within a reasonable time thereafter, objection to the time consumed, made thereafter, would come too late to exempt the employer from liability.

It is contended by the defendant that the plaintiff charged it for materials and work and labor in the making of certain tools, mentioned in the Bill of Particulars, which were not ordered by the defendant and which were not necessary in order to manufacture the articles or parts ordered, and also charged it for making some tools which were necessary to do the work, but which could have been purchased in the open market at a less cost than charged by the plaintiff. If you should so find, then the plaintiff would not be entitled to compensation for work and labor performed in making any unnecessary tools, or for the materials furnished in the making thereof, or compensation in excess of the price necessary tools could have been purchased for in the open market, unless you should also find that the tools were made with the knowledge and under the supervision of an authorized agent of the defendant.

If you find from the evidence that the work was performed by the plaintiff upon the parts and articles in question pursuant to the terms of an express contract, whether oral or wtitten, between the plaintiff and defendant, and also find that the plaintiff has not complied with the terms of the contract, and has failed to complete the work required under the contract, the plaintiff would not be entitled to a recovery in this action, for anything not admitted to be due it, but if a contract existed and the plaintiff has fully performed the work required to be done under the terms of the contract, it would be entitled to recover compensation for the work performed.

(The Court gave the usual charge with respect to conflicting testimony and preponderance of evidence.)

In conclusion we instruct you that you must find a verdict for the plaintiff for the sum of $2,273.40, with interest thereon from April 19th, 1919, to date, which the defendant concedes to be due and owing the plaintiff, and for such additional sum which you may find to be due and owing the plaintiff, if anything, under all the facts and circumstances of this case, considered in connection with the law which the Court has announced to you.

Verdict for plaintiff.