

*W. G. Dinning,* for appellant.

*Douglas S. Heslep,* for appellee.

McHANEY, J.  Appellant brought this action in the municipal court of Helena against appellee to recover judgment on an account of $45.71 for goods, wares and merchandise sold and delivered by it to him. Appellee admitted the indebtedness to appellant, but defended on a cross-complaint against it in which he claimed $100 damages for failure of a Frigidaire ice cream container to function properly, which machine he had bought from it in August, 1936, and which was designed to preserve ice cream in a hard condition. Trial there resulted in a finding that the damages claimed by appellee equaled the account of appellant, and one was offset against the other. Appellant, being dissatisfied, appealed the case to the circuit court, where appellee amended his cross-complaint

so as to claim $400 damages against appellant. Trial resulted in an instructed verdict and judgment in favor of appellant for $45, and the jury returned a verdict for appellee for $150 on his cross-complaint, on which judgment was entered, which resulted in a net judgment against it of $105. This appeal followed.

Appellee bought the machine in August, 1936, from appellant at a cost of $550, payable in installments to the General Motors Finance Corporation over a period of 18 months, all of which have been paid. It was sold under a written guaranty for one year, and the guaranty was performed and certain repairs and adjustments were made during said period. It appears that appellee thereafter had trouble getting the machine to function properly and incurred some expense for repairs and maintenance. In July, 1939, it came to the knowledge of appellant that he was making complaints about the machine, and it offered to repair same so that it would function properly and preserve ice cream if appellee would keep bottled Coca-Cola and other bottled drinks out of the containers designed for preserving ice cream, and would do the work free of charge, if it thereafter failed to do so. Appellee denies that the offer was conditioned on keeping out the bottled goods. The offer was accepted, and on July 23, the repairs were made and the machine operated so as to maintain a temperature of 8 degrees above zero, which was proper. Appellant received no further complaints from appellee, sent him a bill for the repair work and it was paid on August 8. It caused its repair men to make an inspection of the machine on each day for five days and on each day he found Coca-Cola in the containers, which fact was reported to appellant and one of its officers called on appellee and told him again that the machine was not designed for cooling hot bottled drinks, would be overloaded and would not function properly. Whether he thereafter kept the bottled drinks out of the containers is not certain, but it is claimed that he thereafter had trouble with it, spent substantial sums for repairs and lost at one time 60 gallons of ice cream at a cost of $1.10 per gallon.

We think the evidence fails to show any recoverable damages suffered by appellee since July 24, 1939, and the court limited the recovery to such damages at his request. Appellant agreed to repair the machine to make it function to his satisfaction, else there would be no charge. Evidently it did so function, as he paid the bill on August 8, following its repair on July 23, without any complaint. His acceptance of the work will be implied from the fact of payment, under an agreement that he was not required to pay unless the work was satisfactory.

As to his claim for loss of ice cream there is no liability because this was a claim for special damages not in the contemplation of the parties at the time the contract was made. There was no allegation or proof that any special notice was given appellant that if the machine failed to function properly after the repairs were made that such damages would result. This rule has been applied in many cases, following *Hadley* v. *Baxendale*, 9 Exch. 341, notably *Hooks Smelting Co.* v. *Planters Compress Co.*, 72 Ark. 275, 79 S. W. 1052. Here the only damages the parties had in mind, at the time of making the contract, were the cost of making the repairs.

The judgment on the cross-complaint will be reversed and the cause dismissed.

Opinion delivered March 3, 1941.