Dixon, Appellee, *v.* Kittle et al., Appellants.

(No. 551—Decided March 11, 1959.)

*Messrs. Bolen & Walker,* for appellee.
*Mr. Samuel B. Erskine,* for appellants.

COLLIER, J.  This is an appeal on questions of law from a judgment for the plaintiff, appellee herein, Frederick A. Dixon, rendered on the verdict of a jury.  The parties will be referred to herein in the positions in which they appeared in the Common Pleas Court, as the plaintiff and defendants.

Frederick A. Dixon, the plaintiff, filed an action in the Common Pleas Court of Athens County, Ohio, to recover for professional services, as an engineer and surveyor, rendered by him for the defendants.

The factual situation, as disclosed by the record, is that in 1952 the defendants owned a tract of land consisting of about five acres in Homer Township, Morgan County, Ohio, and located near Lake Burr Oak, a recreational area.  The defendants wanted the land divided into building lots and entered into an oral agreement with the plaintiff, an engineer and surveyor, to plat the land.  Plaintiff claims that the defendants promised him a choice lot in the subdivision, that would be of the value of $1,000, for his services.

The plaintiff performed the services necessary to complete the plat which was duly recorded in the Recorder's Office of Morgan County, Ohio, but the plaintiff was never paid for his services.  The plaintiff claims, and so testifies, that the defendants promised to convey to him lot No. 14 of the subdivision as compensation for his services, which they failed to do.  Said lot was later conveyed by the defendants to another person.  The defendants deny they ever made such promise, but admit said lot was conveyed by deed to another person.

The principal error complained of by the defendants is stated in their brief as follows:

"Since the record clearly shows that the defendant below was proceeding upon the basis of an implied contract, and since the law and evidence in this case clearly shows that there was an express contract as a matter of law, and therefore, there

could not be an implied contract and since the plaintiff below elected to stand upon an implied contract, it is respectfully submitted that a judgment as a matter of law on an implied contract could not be rendered herein under the facts and evidence in the record.''

The courts of Ohio, in actions to recover compensation for services rendered on an oral agreement, have been very liberal in applying the law of contracts in order that justice between the parties may result from such litigation. In the instant case, the defendants admit the plaintiff fully performed his part of the agreement, that they have been benefited thereby and that he, the plaintiff, has not been paid anything for his work.

In determining the legal rights of the parties in a situation such as we have before us, it is of little consequence whether the contract was express or implied. In the recent case of *Weber* v. *Billman et al., Exrs.,* 165 Ohio St., 431, 135 N. E. (2d), 866, which is a case to recover for services involving an oral agreement, Judge Zimmerman, in the opinion, at page 437, says:

''It will be observed that as to her third cause of action plaintiff alleges 'an implied contract, as well as an express contract.' We do not regard this of much consequence. Although it is generally recognized that an express contract and an implied contract cannot coexist with reference to the same subject matter (*Hughes* v. *Oberholtzer,* 162 Ohio St., 330, 335, 123 N. E. [2d], 393, 396), ample evidence was presented in this case from which the jury could and apparently did find that plaintiff and decedent entered into a definite oral arrangement whereby she left her own home and went to work for him at his express solicitation and request for as long as she might be needed, and that there was a clear understanding she would be compensated for her services. True, the amount of that compensation was not fixed, but, 'if the contract makes no statement as to the price to be paid, the law invokes the standard of reasonableness, and the fair value of the services is recoverable,' and, 'where labor or materials are furnished by request and no price is agreed on, the law will imply an agreement to pay what they are reasonably worth.' 12 American Jurisprudence, 878, Section 324. Compare 34 Corpus Juris Secundum, 825 *et seq.,* Executors and Administrators, Section 774; 58 American Juris-

prudence, 555, Section 55; *Sussdorff* v. *Schmidt*, 55 N. Y., 319, 324.''

We believe the above-quoted statement in the *Weber case* is applicable to the case under consideration and adopt the language therein employed. It has long been the established law of Ohio that, where, upon request, one does work for another, which has been accepted by the other party or has benefited him, the law invokes the standard of reasonableness, and the fair value of the services is recoverable. And also, when it is stipulated that the person performing the service is to receive his pay in something other than money, which through neglect or omission is not delivered, the contract becomes one for money. *Newman* v. *McGregor*, 5 Ohio, 349, 24 Am. Dec., 293.

The pleadings and the evidence in the case at bar presented a difficult problem to the trial court in submitting the issues to the jury. We have carefully examined the charge given by the court and, in our opinion, when the instructions are considered as a whole, the issues were fairly submitted, except for a few minor details such as the use of the word, ''damages,'' when the word, ''compensation,'' would have been more appropriate. The jury could not have been misled by such minor errors; neither could the jury have been confused by the court's definition and explanation of an express and implied contract.

The evidence and especially the admissions of the defendant present a strong case in favor of the plaintiff. The plaintiff, at the request of the defendants had performed the work of platting the subdivision, and the defendants had accepted the benefits of plaintiff's labor for which plaintiff had never been paid. The law, justice, equity and good conscience demand that he should be paid therefor. The only real issue to be determined in this cause was the reasonable amount of compensation the plaintiff was entitled to receive. The verdict of the jury in the sum of $690, plus interest, a total of $899.18, is well supported by the evidence.

We find no substantial error in the trial of this case, and, in our opinion, substantial justice has been rendered, and, therefore, the judgment must be and hereby is affirmed.

*Judgment affirmed.*

GILLEN, P. J., and RADCLIFF, J., concur.