B .E. HAWKINS v. DELTA SPINDLE OF BLYTHEVILLE, INC.

5-4734                                    434 S.W. 2d 825

Opinion Delivered December 16, 1968

*Gardner & Steinsiek* for appellant.

*Reid, Burge & Prevallet* for appellee.

JOHN A. FOGLEMAN, Justice.   Appellant seeks reversal of a judgment against him for $941.25 and interest, for repairs by appellee to a mechanical cotton picker owned by appellant Hawkins.   Appellant used the machine in custom cotton picking for others.   Appellee alleged that the amounts charged for the goods, parts, materials and labor were fair and reasonable market prices which appellant agreed to pay.   In appellant's answer and counterclaim, he denied that he was indebted to appellee in the amount alleged, and sought to recover damages for failure of appellee to put the cotton picker in serviceable condition.   He alleged that he was damaged in the sum of $1,100 because he was unable to use the machine for three days during the 1966 harvest while it was being put in operating condition.   In compliance with an order of the trial court, appellant amended his pleading to allege his version of the agreement with reference to repair of the picker, and to state his contention concerning subsequent repairs necessary to put the machine in operating condition.   He stated that his damages arose out of his inability to use the machine for three days in harvesting for one Byron Moore, Sr.

Glen Sanders, store manager for appellee, found the account of Hawkins in the office records when he

came to its Blytheville shop in April of 1966. He knew nothing of an agreement for the repairs. Mr. Sanders is a mechanic. He also found the cotton picker in the shop and supervised its repair. He prepared an invoice from tickets showing charges of $941.25. He stated that the account was due October 15, 1966, and first called it to appellant's attention in late November 1966. On that occasion he called Hawkins to his office and they discussed the account. He denied that Hawkins, at that time or at any time, had mentioned the failure of the machine to function properly. He testified that Hawkins first told him that the picker was not working properly sometime in December.

Sanders also testified that field adjustments are necessary following shop repairs to any such machine. According to him, settings and adjustments of certain working parts cannot be made in the shop. He added that whenever a cotton picker sits without use, rust accumulates in the water lines, necessitating their being flushed before the machine is used. The moisture control bars were not checked by appellee.

Although Sanders never advised appellant that it was company policy to send a repairman to the field to make the necessary adjustments, he testified that this is a recognized service in this area.

Hawkins testified that one Johnnie Lendennie, then an employee of Delta Spindle of Blytheville, Inc., solicited the job of repairing the picker for appellee in January of 1966. Hawkins said he agreed, with the understanding that all things necessary to prepare the machine for the 1966 harvest be done. According to him. nothing was ever said about the price he was to pay He claimed to have seen his cotton picking machine ir appellee's shop several times over a three-month period without any repair work having been done on it.

The first work appellant was called upon to do in 1966 was in early October, when he was offered $2.0C

per hundred pounds for harvesting the 300-acre cotton crop of Moore. Having no water supply where he stored his machine, Hawkins stopped at Tractor Supply, where Johnnie Lendennie was then employed, to get water. He was unable to get water to the moisture columns because a water valve failed to function. After Lendennie repaired this, other parts in need of repair were found. According to appellant, this was not a mere matter of adjustment, but was work which he had contracted to be done by appellee. Hawkins said that he didn't call appellee because he was aggravated and in a hurry. Instead, he directed Lendennie to proceed with the necessary repairs. This took three days, during which time other machine operators worked in the Moore fields. Hawkins testified that he could have grossed $420 and netted $380 per day by operating his machine during this period. He did work in the Moore crop for three days, earning $1,250. The repairs made by Tractor Supply cost him nothing. He professed that he had no knowledge of appellee's policy to make adjustments in the field.

Appellant had not received any statement from appellee for the work done by it until after these repairs had been made by Tractor Supply. When Saunders called him, Hawkins went to appellee's place of business. According to him, he then advised Sanders of appellee's failure to properly repair the machine. He related that the parties were unable to come to any agreement after a similar conversation in December.

Lendennie corroborated appellant as to the deficiencies in the repair of the cotton picker and as to the work necessary to put it in operating condition. He admitted that the five hours' work required could have been done in one day rather than over a three-day period, and, with a crew like that of appellee's, in one-half day.

Charles Moseley, an employee of a competitor of appellee, confirmed that it was customary for an em-

ployee of the firm repairing a cotton picker to be sent to the field with it, not only to make adjustments, but to test it. He testified that it was very seldom that such a machine would function properly after repair without field adjustment.

The court directed a verdict for appellee on the complaint in the sum of $941.25. It also directed a verdict for appellee on the counterclaim of appellant for want of any agreement between the parties with regard to special losses or damages or notice to appellee of the failure of the machine to function.

Appellant had moved for a directed verdict on appellee's complaint for the reason that there was no evidence that the charges were fair, just, and reasonable for the work done. This motion was denied. This was error for which we must reverse the judgment.

Where labor or material is furnished by a party and no price is agreed upon, the law will imply an agreement to pay what it is worth. *Dixon* v. *Kittle,* 109 Ohio App. 257, 164 N.E. 2d 806, (1959). If a contract makes no statement as to the price to be paid for services, the law invokes the standard of reasonableness and the fair value of the services is recoverable. *Weber* v. *Billman,* 165 Ohio St. 431, 135 N.E. 2d 866 (1956). See, also, 17 Am. Jur. 2d 782, Contracts, § 344; 58 Am. Jur. 542, Work & Labor, § 39. This principle has been applied by this court in cases involving professional services. *Bayou Meto Drainage Dist.* v. *Chapline,* 143 Ark. 446, 220 S.W. 807; *White & Black Rivers Bridge Co.* v. *Vaughan,* 183 Ark. 450, 36 S.W. 2d 672. There is no reason why it should not be applied in the circumstances existing here. The burden was upon appellee to show that the amount for which it sought recovery was the fair and reasonable value of the parts, materials and labor furnished. It failed to do so.

Appellee contends, however, that there was an account stated because appellant did not make any complaint about the statement rendered. The parties had not the sort of mutual dealings out of which the normal account stated arises. Appellee did not bring its action on an account stated, but actually alleged that its charges were the fair and reasonable market prices for the labor, parts, goods and materials furnished. Assuming, without deciding, that there is evidence tending to show an account stated, the retention of the statement by appellant without complaint is only some evidence of an account stated which would, at the most, raise a jury question. *Hamilton Brown Shoe Co.* v. *Choctaw Merc. Co.*, 80 Ark. 438, 97 S.W. 284. See, also, *May & Ellis Co.* v. *Farmers Union Merc. Co.*, 120 Ark. 316, 179 S.W. 490.

Appellee also argues that the question of reasonableness of the amount charged was never placed in issue. We find the denial in the answer that appellant was indebted to appellee in the amount set forth in the complaint to be sufficient to raise the issue.

Appellant also contends that the trial court erred in directing a verdict against him on his counterclaim. In the absence of any allegation or proof that special notice was given to one repairing a machine that if it failed to function properly after the repairs were made damages such as those sought would result, there can be no recovery. *Interstate Grocer Co.* v. *Namour*, 201 Ark. 1095, 148 S.W. 2d 175. See, also, *Bay Aviation Services Co.* v. *Southland Aviation Co.*, 211 F. Supp. 125 (W.D. Ark. 1962). Appellant contends, however, that appellee knew that he used his cotton picker for custom harvesting, and this knowledge, coupled with the nature of the machine to be repaired, is sufficient to charge appellee with the required notice. We do not agree. The rule stated in *Hooks Smelting Co.* v. *Planters' Compress Co.*, 72 Ark. 275, 79 S.W. 1052, and consistently followed by this court, is restated in *Lamkins*

v. *International Harvester Co.,* 207 Ark. 637, 182 S.W. 2d 203. It requires not only that there must be knowledge on the part of the one to be charged at the time of the contract of the special circumstances out of which the damages arise, but also that the facts and circumstances be such as to make it reasonable to believe that he tacitly consented to be bound to more than ordinary damages in case of default on his part. No such allegation is found in the answer and counterclaim, as amended. The evidence adduced was not sufficient to support such a finding, therefore, we find no reversible error on this point.

Reversed and remanded for a new trial.

WARD, J., dissents.

PAUL WARD, Justice. I do not agree with the majority.

Considering the pleadings and the *undisputed facts* in this case I view it as two separate causes of action. When so viewed, when applied to the applicable law, the trial court reached the correct conclusion.

*Cause One.* Appellee, at appellant's request, made numerous repairs on the machine in question. Appellee introduced in evidence exhibit No. 1 (Tr. 65) which sets forth fifty four repair items (ranging in price from seven cents to $69.16). Appellant does not anywhere contend all these repairs were *not* made, that they were *not,* properly made, or that the price was not reasonable. Under the holding in *Griffin* v. *Hicks,* 150 Ark. 197 (p. 203), 233 S.W. 1086 the above constituted "an account stated". Therefore, under the record here, the trial court was correct in directing a judgment in favor of appellee.

*Cause Two.* In appellant's cross complaint he contended he was damaged to the extent of $1,100 because

the machine was not operable on a certain day in October. Appellant contends he could have made that much profit if he could have used the machine at that particular time. It is conceded by appellant that he did not notify or warn appellee there was a probability of such special damages. That being the situation appellant could not recover under the holdings in *Interstate Grocery Company* v. *Namour*, 201 Ark. 1095, 148 S.W. 2d 175 and in *Lampkins* v. *International Harvester Company*, 207 Ark. 637, 182 S.W. 2d 203.