No. 12676

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

HOLLAND CONSTRUCTION COMPANY,

Plaintiff and Appellant,

-vs-

NEIL F. LAMPSON,

Defendant and Respondent.

---

Appeal from: District Court of the Thirteenth Judicial District,
Honorable A. B. Martin, Judge presiding.

Counsel of Record:

For Appellant:

Evalyn B. Carson argued, Billings, Montana

For Respondent:

Moulton, Bellingham, Longo and Mather, Billings,
Montana
Ward Swanser argued, Billings, Montana

---

Submitted: November 14, 1974

Decided: DEC 10 1974

Filed: DEC 10 1974

*Thomas J. Kearney*
Clerk

Mr. Justice John C. Harrison delivered the Opinion of the Court.

This is an appeal from a judgment adverse to plaintiff entered in the district court, Yellowstone County. The matter was tried by the court sitting without a jury. Plaintiff Holland Construction Company, Inc. alleged an indebtedness to it by defendant Neil F. Lampson, Inc. for labor, parts and materials furnished on the repair of equipment owned by Lampson.

On appeal, plaintiff Holland brings three issues:

1. Is there substantial evidence to support the findings of fact and conclusions of law of the trial judge who found that the reasonable value of the services of Holland Construction Co. was $18,292.45?

2. Did the trial court err in refusing to allow any testimony offered by plaintiff?

3. Was the court correct in applying the rule that plaintiff was entitled to recover only the reasonable value of the services performed?

Holland alleged that Lampson was indebted to Holland for $33,557.82. Lampson in its answer admitted certain work was performed on its equipment; that there was no contract between the parties for the work performed; and therefore Holland was entitled to recover only for reasonable services rendered. The trial court found the amount owed Holland to be $18,292.45.

Prior to submission of its statement for the total cost of the repair work to the Lampson crane there was no discussion of the total cost, or hourly cost for the work done between the parties, unless it could be said that Holland's statement that the shop was "competitive in the area", was a discussion of cost. The work took approximately 30 days of shop work. When the statement was submitted to Lampson, it was considered exorbitant and Lampson refused to pay. Holland alleges it is entitled to recover for all time spent by its staff of thirteen employees, plus office staff, spent on the job. Lampson alleges the work could have been performed

in far less time and that Holland is only entitled to recover for the reasonable number of hours it would take to perform the job.

At trial Holland introduced time cards to show the number of hours worked by its personnel to establish what was a reasonable hourly figure. No other testimony was introduced to support the reasonableness of the statement submitted. A problem arose as to the time cards in that they were discredited because of the manner in which they were kept and the obvious errors which appeared on the face of the cards. One difficulty was that due to the inclement weather the time clock froze and had to be repaired. Another was that the workers were supposed to keep their job time allocated to the various jobs they worked on during the day, but when the cards were checked the times written in on the various cards appeared to be in only one person's handwriting. As a result, the trial court rejected the time card evidence as proof of reasonableness of the total job cost inasmuch as Holland offered no other explanation for the time required to perform the work on the crane.

In an effort to ascertain a proper figure for the amount owed Holland, the court viewed Holland's machine shop operation; checked the crane itself to determine the work performed; and, after so doing concluded the time charged was excessive, although it accepted Holland's figures on the proper hourly charge.

Lampson introduced as a witness one Draper, its foreman, who was present when most of the work was done. Draper testified that 80% of the work was done on the crane within ten days, after about 313 man hours. The bill submitted showed 1300 man hours. Lampson also introduced the testimony of an expert, one Peterson from an independent machine shop in Portland, Oregon, who testified as to, in his opinion, the number of hours reasonable to do the work required. Lampson introduced other testimony to support Peterson's testimony and compared the number of hours charged by Holland with hours charged by other machine shops for similar work.

Appellant Holland's first issue questions the sufficiency of the evidence to support the trial court's findings of fact and conclusions of law. This Court has long held that it will uphold a trial court's findings unless the evidence decidedly and with decisive clarity predominates against them. Christensen v. Hunt, 147 Mont. 484, 414 P.2d 648. Further, we have held that in reviewing the record in the trial court it is not within our province to determine whether we agree with the conclusions reached if they are supported by the evidence. Stromberg & Brown v. Seaton Ranch Co., 160 Mont. 293, 502 P.2d 41; Hellickson v. Barrett Mobile Home Transport, Inc., 161 Mont. 455, 507 P.2d 523; Nissen v. Western Const. Equip. Co., 133 Mont. 143, 320 P. 2d 997.

The question here is whether Holland has shown there was an insufficiency of evidence to support the judgment. We find appellant failed to overcome the presumption of the correctness of the trial court's findings (1) by failing to introduce evidence to support the reasonableness of the hours charged to the Lampson job, and (2) that Lampson's witnesses' testimony supports the court's findings.

As noted heretofore, the validity of the time cards was questioned and at best they only show the number of hours charged to the job and not the hours necessary to accomplish it. Holland totally failed to show by the time cards the number of hours necessary or reasonable to perform the work.

The only real evidence before the trial court to assist in determining the reasonable number of hours to do the necessary work was introduced by Lampson's witness Peterson, who testified without objection. Peterson was qualified, through years of experience in bidding on similar jobs, to testify on the reasonable number of hours necessary to accomplish the work performed by Holland. His testimony took into consideration the type of work, Holland's equipment, and the new parts used. He inspected the work done on the crane and testified he could have done the

same work, using new parts, for $12,750. However, he testified that in Holland's shop, without using new parts used by Holland, and doing the same work that Holland did, that the reasonable number of hours, using Holland's charges per hour, would bring the amount due to $16,172.66. Peterson's testimony was substantiated by Lampson by introducing bills for similar work done in other areas and by foreman Draper's testimony. We find no merit in issue one.

Issue two concerns appellant's allegation that the trial court erred in not allowing certain testimony offered by appellant. This refused testimony was evidence attempted to be introduced through two witnesses, Clarence Merry and John Bustell, concerning the reasonableness of the charge per hour. Merry was the owner of the Yellowstone Hydraulics & Elevator Co., and had been a working machinist for 24 years. Bustell was one of the owners of Billings Machine & Welding Co., and had been a working machinist for over 30 years. When Merry was asked if he had an opinion with regard to the number of hours charged, the testimony was objected to on the grounds a proper foundation was not laid, and none was laid after the objection. However, Holland's attorney later clarified what she was trying to get from the witness by these questions:

"Q. Your Honor, I believe that Igave the wrong impression. I was only asking him for the hourly rate for that type of work, if you will recall."

And later:

"Q. I realize that you would not know the number of hours and therefore the total bill. I only ask you to testify as to the reasonableness of the charge per hour for the particular operation on the particular piece of equipment."

The testimony was to go to the hourly rate which was not disputed, but could not, as Holland desired, be considered when applied to the hours of the total job.

The second witness Bustell was merely asked if he concurred with the testimony given by Merry as to the reasonableness of the hourly rate, and was never asked to comment upon the number of hours it took to do the job.

The trial court had already admitted all of Holland's exhibits to support the hourly charge and used them in its findings, conclusions and judgment. We find no merit in appellant's issue two.

Issue three considers whether the court was correct in applying the rule Holland was entitled to recover only the reasonable value of services performed. Considering the facts the correct and controlling law applicable is section 13-507, R.C.M. 1947, which provides:

"When a contract does not determine the amount of the consideration, nor the method by which it is to be ascertained, or when it leaves the amount thereof to the discretion of an interested party, the consideration must be so much money as the object of the contract is reasonably worth." (Emphasis added).

While a case applying the above quoted statutory provisions has not been previously considered in this jurisdiction, other jurisdictions have applied it. Braden Winch Company v. Surface Equipment Company, 196 Okla. 444, 165 P.2d 640; Hawkins v. Delta Spindle of Blytheville, Inc., 245 Ark. 830, 434 S.W.2d 825, 827. In Hawkins, the court noted:

"Where labor or material is furnished by a party and no price is agreed upon, the law will imply an agreement to pay what it is worth. [Citing case.] If a contract makes no statement as to the price to be paid for services, the law invokes the standard of reasonableness and the fair value of the services is recoverable. [Citing cases and authority.] This principle has been applied by this court in cases involving professional services. [Citing cases.] There is no reason why it should not be applied in the circumstances existing here. The burden was upon appellee to show that the amount for which it sought recovery was the fair and reasonable value of the parts, materials and labor furnished. It failed to do so."

In Hawkins the court considered the fact that the work was stretched over a three day period of time when it could have been done in one day. The same principle of law has been covered by contract cases "quantum merit" in a series of cases before this Court. Higby v. Hooper, 124 Mont. 331, 221 P.2d 1043; Smith v. Gunniss, 115 Mont. 362, 144 P.2d 186.

The burden is upon plaintiff to show what is the reasonable value of the parts, materials and labor furnished. Here, Holland relied solely on the time cards to establish the reasonableness of

- 6 -

the services. However, there was sufficient evidence to refute their accuracy, and Holland offered no evidence to justify the total hours or to show that they were required to accomplish the work. In Delaware Engineering Co. v. Pusey & Jones Co., 31 Del. 163, 112 A. 371, the court noted that where one person engages another to make an article for him, and the person employed is to be paid by the hour for the work, it is the duty of that person to furnish the work on the article in a reasonable number of hours, and if the person engaged takes unreasonable time to complete the work, he is entitled to be compensated for only such time as would reasonably have been required to do the work.

We find no merit in appellant's issue three.

The judgment of the trial court is affirmed.

_John Conway Harrison_
Justice

We Concur:

_____
Chief Justice

_Gene S. Daly_

_Wesley Castles_
Justices.

Mr. Justice Frank I. Haswell took no part in the above Opinion.

- 7 -