SHEA, RESPONDENT, *v.* REGAN ET AL., DEFENDANTS; REGAN, APPELLANT.

(No. 1,721.)

(Submitted December 7, 1903.  Decided December 24, 1903.)

*Attachment—Priority of Liens for Services—Actions to Enforce—Parties— Waiver of Lien—Jurisdiction—Justices of the Peace—Appeal.*

1. Under Code of Civil Procedure, Sections 2152, 2153, 2154, 2155, the claimant should establish in the same action the whole of his claim, though he can be declared entitled to a lien for only so much of it as accrued within sixty days next preceding the levy of the writ, not exceeding $200.

2. Under Code of Civil Procedure, Sections 2153, 2154, where the claimant commences an action to establish a disputed claim, neither the sheriff holding the attached property, nor the attaching creditor, is a necessary or proper party to such action, though the latter may, if he deem it advisable, intervene.

3. Under Code of Civil Procedure, Sections 2152 *et seq.*, an action by a claimant to establish his claim for services, in so far as it seeks to establish and foreclose a lien on the debtor's attached property, is a proceeding equitable in its nature, and hence not within the jurisdiction of a justice of the peace as limited by Constitution, Article VIII, Section 21.

4. Where a justice of the peace had no jurisdiction of a suit to enforce a lien for services as a preferred claim over the claims of attaching creditors, the district court acquired no jurisdiction to enforce such lien by an appeal from the justice's judgment.

5. When a cause is one over which the inferior court cannot take jurisdiction, the appellate court, on appeal, cannot entertain it for any other purpose than to dismiss it and enter judgment for costs against the appellant.

6. Under Code of Civil Procedure, Sections 2153, 2154, where a claimant fails to commence an action against his debtor within ten days after the date of the notice that his claim was disputed, he waives his right to a lien.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

Action by Timothy J. Shea against Patrick H. Regan, sheriff of Silver Bow county, and Lewis F. Huffman *et al.* Judgment in favor of plaintiff against Huffman. From an order denying a motion for a new trial, defendant Regan appeals. Reversed.

### Statement of the Case.

This action was originally brought by plaintiff, in a justice's court of the township and county of Silver Bow, on July 7, 1898, against the defendants Patrick H. Regan, as sheriff, J. E. Oppenheimer, A. F. Bray and Nelson Story & Co., a co-partnership composed of Nelson Story and Nelson Story, Jr. The complaint alleged that between February 17 and June 20, 1898, the plaintiff had performed services as a salesman for one L. F. Huffman, of the value of $512.50, and that no part of said sum had been paid except the sum of $268.05, leaving a balance due of $244.45; that on or about June 20, 1898, the defendant Regan, as sheriff, under writs of attachment in his

hands issued out of the district court of Silver Bow county in certain actions pending therein wherein the other defendants were plaintiffs, and L. F. Huffman was defendant, had levied upon all the property of said Huffman, the same being a stock of groceries and certain fixtures used by the defendant Huffman in a grocery business conducted in the city of Butte; that thereafter, and pursuant to an order of said court, the property mentioned had been sold for a sum exceeding $1,200; that on June 22d the plaintiff gave notice in writing to defendant Regan of his claim for services rendered to the said Huffman, setting forth that the same was, to the amount of $200, due for services rendered within sixty days prior to the levy of the attachments, and that he was entitled to have his claim to this amount paid in preference to the claims of the attaching creditors, and that he had been notified by the sheriff that his claim had been disputed by the plaintiffs in said actions. The complaint concluded with a prayer for judgment against the defendant Regan for the sum of $200, with interest from June 22, 1898, and for costs, including an attorney's fee of $50, and that said Regan be directed to pay the judgment, together with the costs, out of the moneys received by him in the various actions against the said L. F. Huffman.

To this complaint a demurrer was interposed, challenging the jurisdiction of the court to entertain the action, and the sufficiency of the allegations to state a cause of action. This demurrer was sustained. Thereupon the plaintiff amended his complaint by inserting therein the name of Huffman as a defendant. The amendment was filed and alias summons issued to this defendant on July 30th. Separate demurrers were interposed to the amended complaint, all of the defendants alleging the same grounds as those alleged in the demurrer to the original complaint. These were sustained, and, the plaintiff declining to amend, judgment was entered for defendants.

Thereupon an appeal was taken to the district court. That court overruled the demurrers. All the defendants then filed separate answers, that of Huffman agreeing that judgment

should be entered against him for the amount demanded, and those of the others disputing the plaintiff's right of recovery on various grounds, among others, that the plaintiff had not been an employe, but a partner, of the defendant Huffman in the said grocery business. Thereafter the cause came on for trial by the court sitting with a jury. The defendants other than Huffman objected to the admission of any evidence to sustain the allegations of the complaint, on the grounds that the justice's court had no jurisdiction of the action, could not grant the relief prayed for, and that, this being so, the district court had no jurisdiction to entertain the appeal. This objection was overruled. At the conclusion of the evidence the same defendants moved the court to instruct the jury to render a verdict in their favor, on the same ground as that alleged in the motion for nonsuit. This motion was also overruled. Thereupon the court instructed the jury, which rendered a verdict in favor of the plaintiff for the sum of $200, with interest, costs, and an attorney's fee, amounting in all to $299. Upon this verdict the court ordered judgment to be entered in favor of the plaintiff and against the defendant Huffman, and directing the defendant Regan to pay the amount of the judgment, with costs, etc., out of the sum collected by him under the attachments issued out of the district court, in preference to the claims of Oppenheimer, Bray and Nelson Story and Co. From an order denying a new trial, defendant Regan has appealed.

*Mr. E. J. Dierks, Mr. John N. Kirk, and Mr. Charles Mattison,* for Appellant.

MR. CHIEF JUSTICE BRANTLY, after stating the case, delivered the opinion of the court.

The respondent did not file a brief in this court, nor did counsel appear for him at the hearing. The court is therefore left without assistance or suggestion from him. Counsel for appellant contends that the action is one in equity to enforce a

lien, that the justice's court had no jurisdiction to entertain it, and that the district court, having acquired no jurisdiction by virtue of the appeal, should not have assumed to entertain it or to render any other judgment than one of dismissal. The question presented was properly raised by the motion for a nonsuit and the request for an order directing a verdict, and is the only question before us.

The plaintiff's claim of preference is based upon the provisions of Sections 2152, 2153, 2154 and 2155 of the Code of Civil Procedure. Section 2152 declares: "In case of executions, attachments and writs of similar nature, issued against any person, except for claims for labór done, any miners, mechanics, salesmen, servants, clerks or laborers who have claims against the defendant for labor done, may give notice of their claims and the amount thereof, sworn to by the person making the claim, to the parties plaintiff and defendant to the action in which such execution, attachment or other writ has been issued, and upon the officer executing the same. * * * Service of the notice may be made upon the officer having the writ or writs in his hands in one or more cases which may be pending against the debtor. When such service is made upon him, he must in turn serve notice by copy upon the parties plaintiff and defendant in the action or upon their attorneys." Sections 2153 and 2154 provide:

Section 2153: "The officer serving said notice and claim shall forthwith, after such service of the same, make return thereof, showing such service, where and how made. Service may be made in any case at any time before the actual sale of the property levied upon in such pending action, and unless such claim is disputed by the debtor or a creditor or party plaintiff, such officer must pay such person out of the proceeds of the sale the amount he is entitled to receive for services rendered within the sixty days next preceding the levy of the writ, not exceeding two hundred dollars. If any or all of the claims so presented, and claiming preference under this chapter, are disputed by either the debtor or a creditor, the person present-

ing the same must commence an action within ten days after notice of such dispute is served upon such claimant, as provided for in the next section, for the recovery thereof; and the officer must retain possession of so much of the proceeds of the sale as may be necessary to satisfy such claim and costs until the final determination of such action; and in case judgment be had, the costs are a preferred claim, which may include a reasonable attorney's fee."

Section 2154: "The debtor or creditor intending to dispute any claim presented under the provisions of the last section shall, within ten days after receiving notice of such claim, serve upon the claimant and officer holding such execution, attachment or other writ, a statement in writing, verified by the oath of the debtor or person disputing such claim for services, setting forth that no part of said claim, not exceeding a sum specified, is justly due from the debtor to the claimant for services rendered within the sixty days next preceding the levy of the execution, attachment or other writ, as the case may be. If the claimant bring suit on a claim which is disputed in part only, and fail to recover a sum exceeding that which was admitted to be due, he shall not recover costs, but costs shall be adjudged against him; and where such claimant fails to bring suit upon his claim, which is disputed in part only, he shall be deemed to have waived that portion of his claim disputed."

Under Section 2155 the claimant is entitled to a lien for the amount of his preferred claim upon the property "attached or levied upon," which must be discharged by the sheriff. The general purpose of these provisions is to declare a lien in favor of the classes of persons enumerated, and to furnish an easy and expeditious means of foreclosing it. If the claim is not disputed, no other step is required of the claimant than to give the notice. If it is disputed in whole or in part, then an action must be brought in the proper court within ten days after notice of such dispute, and be prosecuted to judgment. In the meantime the sheriff must retain the property, or a sufficient amount of the fund derived from a sale of it, to pay the claim,

with costs, including an attorney's fee. If no action is brought, it is his duty, after the expiration of the time within which it may be brought, to appropriate the property, or the fund derived from its sale, to the satisfaction of the attaching creditor's claim. In such case the claimant is conclusively presumed to have waived his lien.

The requirement touching the notice to be given by the attaching creditor makes necessary an inquiry by the court whether the claim or any part of it accrued within sixty days prior to the levy; for the claim may be valid, as against the debtor, in whole or in part, yet, if no part of it accrued within sixty days prior to the levy, the claimant is not entitled to a preference. It is a fair inference from all the provisions, however, that the claimant may establish in the same action the whole amount of his claim, and be declared entitled to a lien for so much of it, not exceeding $200, as accrued within the prescribed limit. Indeed, we think he must do so; otherwise, if a part of his claim is secured and a part not, he must remit the unsecured portion of it in order to avail himself of the lien provided to secure the payment of the remainder. The statute does not require this. Nor may he be permitted to split his cause of action.

Neither the sheriff nor the attaching creditor is a necessary or proper party to the action. If the attaching creditor deems it advisable, he may, perhaps, intervene and contest the questions whether or not the claim falls within the class covered by the statute, and whether or not the claim or any part of it accrued within sixty days prior to the date of the levy, because he is interested in it so far as the result may be to fix a prior lien upon the property held under the writ or the fund derived from the sale of it; but he is not required to do so. He has done the claimant no wrong on account of which he may be made a defendant in the first instance. Nor has the sheriff done the claimant a wrong by which he may be made a defendant. He is simply required by the statute to retain the property or the fund until the termination of the action. If he presumes

to appropriate the property or fund in violation of the claimant's rights, he does so at his peril. Before proceeding to appropriate it, he must ascertain whether the plaintiff has established his lien. He is liable for a violation of his duty in this regard, but not otherwise.

The question as to what court has jurisdiction to ascertain the rights of the respective parties is not clear. The theory of counsel for respondent and of the district court seems to have been that it is necessary to impound the property or fund in the hands of the sheriff, and to have him and the attaching creditors before the court, in order to adjust the rights involved and direct the appropriation of the fund derived from the sale of the property; or, making the statement in a different form, that the purpose of the proceeding is to foreclose the lien of the plaintiff and direct the application of the fund to the payment of the attaching creditors and the plaintiff, according to their respective priorities. That this is so is apparent from the fact that judgment was sought for $200 only, the remainder of the claim being apparently remitted. It is apparent, also, from the form of the judgment entered, which granted recovery as against Huffman only, but directed the sheriff to satisfy the amount of the recovery out of property held under the levy. The theory of the statute is that by the judgment not only is the fact to be ascertained that an amount is due, but also whether this amount, or any part of it, is a lien. The judgment must also fix an attorney's fee; if the lien is established for any amount. Hence, so far as the action is for the purpose of establishing the lien, we are of the opinion that it is equitable in its nature, and must be commenced and prosecuted in a court having jurisdiction of actions in equity. As against the debtor the proceeding is to recover a debt; as against the attaching creditor it is to establish and enforce a prior lien, for he is not concerned about the question whether any amount whatever is due the plaintiff, except so far as it affects his prior lien under the levy. When, therefore, the judgment has been entered in the proper form upon necessary findings of fact, so much of the

amount as has accrued within sixty days, not exceeding $200, is a lien upon the property, and nothing is left for the court to do but to order the sheriff to discharge it. In short, the proceeding is instituted and prosecuted for the purpose of establishing and foreclosing a lien, and the result is tantamount to a decree of foreclosure.

In general, therefore, the theory of the plaintiff and the district court was correct, though the sheriff and the attaching creditors were unnecessarily made parties. But justice of the peace courts have no equity jurisdiction, nor can they entertain actions which involve matters of equitable cognizance. Their powers are such as are conferred by statute, subject to limitations laid down in the constitution. One of the limitations imposed upon the legislature by that instrument is that justices of the peace shall have no jurisdiction of equity cases (Const. Art. VIII, Sec. 21), and the sections of the statute enumerating the classes of cases of which they may take cognizance (Code of Civil Procedure, Secs. 60-68) confine them strictly to the constitutional limitations. Having no original jurisdiction of equity cases, it must follow that the district court acquired no jurisdiction of this action by virtue of the appeal, for the jurisdiction of the appellate court is not greater than that of the inferior court. If the particular cause is one of which the latter court cannot take jurisdiction, the former cannot entertain it for any other purpose than to dismiss it and enter judgment for costs against the appellant. (*Missoula E. L. Co.* v. *Morgan,* 13 Mont. 396, 34 Pac. 488.) While the justice's court had jurisdiction of the action as against Huffman for the purpose of establishing the debt, it had no jurisdiction for the purpose of establishing a lien. Hence it must follow that the district court erred in refusing to sustain the motion for nonsuit as to the other defendants.

It is apparent from the record that no lien could be established in this action, for the defendant Huffman was not made a party to it until after the expiration of ten days after the date of the notice that the claim of appellant was disputed. The

action was not commenced against him until he was made a party. Plaintiff had therefore waived his right of lien.

The order is therefore reversed, and the cause is remanded to the district court, with directions to dismiss the action as to appellant.

*Reversed and remanded.*