THOMPSON, Appellant, v. TWODOT FERTILIZER CO.
ET AL., Defendants; TWODOT LUMBER CO., Inter-
vener, Respondent.

(No. 5,550.)

(Submitted October 24, 1924. Decided November 15, 1924.)

[230 Pac. 588.]

*Master and Servant—Wage-earners' Liens—Assignment—Ap-
peal and Error—Cross-assignments of Error—Record.*

Wage-earner's Lien—Assignment—Action to Enforce Lien Maintainable.
  1. After a wage-earner has once established his right to prefer-
  ence payment for wages earned within the period of sixty days
  immediately preceding a levy upon the property of his employer,
  by giving the notice provided for by the Wageworkers' Law
  (secs. 8351–8358, Rev. Codes 1921), he may assign his claim;
  the assignment carries with it the lien as an incident, and the
  assignee is therefore entitled to bring suit thereon.

Appeal and Error—Cross-assignments of Error—Bill of Exceptions Re-
  quired.
  2. To make an order or ruling of the trial court against the
  respondent reviewable by the supreme court under a cross-assign-
  ment of error (sec. 9751, Rev. Codes 1921), the order of ruling must
  be presented by bill of exceptions or statement of the case properly
  settled; hence where the record on appeal consisted of the judg-
  ment-roll only the alleged error was not reviewable.

*Appeal from District Court, Wheatland County, in the
Fourteenth Judicial District; J. J. Lynch, a Judge of the
Second District, presiding.*

Suit by Amos C. Thompson against the Twodot Fertilizer
Company and others to enforce preference claim for wages on
property of defendants which had been levied upon. The
Twodot Lumber Company, attaching creditor, intervened.
From a judgment dismissing the complaint, plaintiff appealed.
Judgment reversed and cause remanded for further pro-
ceedings.

*Mr. Emmet O'Sullivan,* for Appellant, submitted a brief
and one in reply to that of Respondent and argued the cause
orally.

The holding of the trial court is in effect that the laborer
proceeding under the Wageworkers' Law must not only serve

his notice of claim and the amount thereof, but in the event that it is disputed he must personally, in his own name, institute action thereon within ten days from the date service of dispute was made on him, and prosecute the same to judgment. In other words, until he has secured judgment in his favor he has no preferred claim or lien that he can assign or that would follow the assignment of the wage claim, as an incident thereto; until he has secured judgment his rights under the Wageworkers' Law are personal and nonassignable. This theory is erroneous. (*Mohle* v. *Tschirch,* 63 Cal. 381, 383; *Edsall* v. *Short,* 122 Cal. 533, 55 Pac. 327; *Taylor* v. *Hill,* 115 Cal. 143, 44 Pac. 336; *Winrod* v. *Wolters,* 141 Cal. 399, 74 Pac. 1037; *Falconio* v. *Larsen,* 31 Or. 137, 37 L. R. A. 255, 48 Pac. 703; *Clark* v. *Brown,* 141 Cal. 93, 74 Pac. 548; 19 Am. & Eng. Ency. of Law, 2d ed., p. 25; 26 Cyc. 1072; 5 C. J. 849, 850, 893, 894, 949.)

*Messrs. Jones & Jones,* for Respondent, submitted a brief; *Mr. W. E. Jones* argued the cause orally.

A preferred claim such as the one here involved cannot be transformed into a lien by the mere serving of the notice. It does not become a lien (where disputed) until followed up by the other affirmative acts required by the statute, namely, the institution of a suit and the proof of the preferred claim by receiving a favorable judgment. In other words, the claimant must not only assert his claim, but he must perfect it before it is a lien. A lien for labor and services is a personal right given to the laborer, and it cannot be assigned before it has become a perfected lien. After a lien has become perfected it may be assigned, but not before. (*Mason* v. *Germaine,* 1 Mont. 263, 271; *Mills* v. *La Verne Land Co.,* 97 Cal. 254, 33 Am. St. Rep. 168, 32 Pac. 169; *Clark* v. *Brown,* 141 Cal. 93, 74 Pac. 548; *Rollin* v. *Cross,* 45 N. Y. 766, 771; *Caldwell* v. *Lawrence,* 10 Wis. 331; *Dexter, Horton & Co.* v. *Sparkman,* 2 Wash. 165, 25 Pac. 1070; *McCrea* v. *Johnson,* 104 Cal. 224, 37 Pac. 902; 27 Cyc. 255.) The following states hold that the

right to acquire a lien in the present or future is held to be a personal right and not assignable: Montana, Arkansas, California, Missouri, New York, Illinois, Indiana, North Carolina, Texas and Washington. For the most part those few states which hold in favor of the appellant herein base their position upon some peculiar statutory provision which takes them out of the general rule.

MR. JUSTICE STARK delivered the opinion of the court.

The complaint in ¹this action in substance alleges that between September 27, 1920, and November 1, 1920, E. E. Marcyes performed thirty-two days' labor as mechanic and truck driver for the defendants at their special instance and request, and that there was due and owing to him on that account the sum of $232; that on or about November 1, 1920, under a writ of attachment issued out of a justice's court of Wheatland county, in a case entitled *G. C. Perkins Co.* v. *Twodot Fertilizer Co. et al.,* a Maxwell truck was levied upon by the sheriff of said county; that judgment was entered against the defendants in said action, and a writ of execution issued thereon, under which the sheriff of Wheatland county sold said truck for $835 on October 22, 1921; that on said day, and before the sale of the truck, said E. E. Marcyes, for the purpose of securing a preferred labor claim for the amount due him from the defendants, gave a written and verified notice of his claim to the sheriff who held the writ of execution, setting out that the amount of his claim of $232 was for services rendered within sixty days prior to the levy of the writ of attachment; that the sheriff, before the sale of the truck, served copies of this notice upon the plaintiff and defendants in the suit in which the attachment was issued; that on October 26, 1921, the Twodot Lumber Company, which was an attaching creditor of the defendants, served on the attorney for Marcyes a written and verified statement disputing the Marcyes claim in whole; that on November 1, 1921, said Marcyes by an instrument in writing, for a valuable consideration, sold

and assigned his said claim to the plaintiff, reciting therein that the same had, on October 22, 1921, been presented and filed as a preferred claim, as above set forth, and giving said assignee "full power to sue for and to enforce payment of said preferred claim by suit, collect and discharge or sell and assign the same"; that the plaintiff is the owner and holder of said claim, and no part thereof has been paid, although demand had been made therefor; that plaintiff had employed an attorney to bring suit on said claim, and that $150 was a reasonable attorney's fee therefor. The prayer is for judgment in the sum of $232 and interest, $150 attorney's fees and costs of suit, and that the sheriff be directed to pay the amount of said judgment up to the sum of $200, with costs and attorney's fees, out of the moneys received by him from the sale of the Maxwell truck. The complaint in this action was filed on November 4, 1921. The defendants were served with summons but did not appear in said action, and their default was entered on April 20, 1923.

Subsequent to the filing of the complaint, the Twodot Lumber Company asked for and was granted leave to file a complaint in intervention in the action, in which it was alleged that said company was a creditor of the defendants; that it had commenced suit upon its claim, caused a writ of attachment to be issued therein, which was levied upon certain property of the defendants, including the Maxwell truck in question, by the sheriff of Wheatland county; that it had filed a written statement disputing the plaintiff's claim, and raised the question of the right of the plaintiff, as assignee of the Marcyes' claim, to maintain an action thereon for the enforcement of the preference and lien asserted by Marcyes.

The cause came on for a hearing before the court without a jury on April 19, 1923, and on September 5, 1923, the court rendered its decision as follows: "The court, being now fully advised in the premises, concludes as a matter of law that the assignment to the plaintiff of the claim for wages of E. E. Marcyes against the defendants did not carry with it the lien,

if any, which the said Marcyes had upon the truck described in the complaint of plaintiff, so as to entitle the latter to bring an action to enforce said lien. As service of summons on the defendants was made by publication, the court further concludes, as a matter of law, that plaintiff is not entitled to a personal judgment against said defendants, and dismisses his complaint without prejudice. The intervener having failed to serve its complaint on the defendants, the said complaint is ordered dismissed."

Upon this a judgment was entered, dismissing the complaint without prejudice, and also dismissing the complaint in intervention. From this judgment the plaintiff has appealed and brings up only the judgment-roll.

There is but one matter presented for consideration, and that is whether under the facts admitted in the pleadings the court was correct in entering judgment dismissing the plaintiff's complaint without prejudice, and this raises the specific [1] question whether, when a wage-earner has filed his claim for a preference, under the provisions of sections 8351 to 8358, Revised Codes of 1921, commonly known as the "Wageworkers' Law," and subsequently assigns his claim, the assignee can assert the preference and bring suit to enforce it.

The general purposes of the above-mentioned sections are: (1) To give to persons in the designated class a preferred claim against the property of their employers, which has been levied upon under attachment, execution or writs of similar nature, for their wages earned within a period of sixty days next preceding the levy of the writ, in an amount not exceeding $200; (2) to make such preferred claim a lien upon the property attached or levied upon; and (3) to authorize an easy and expeditious means of enforcing the preference and lien. (*Shea* v. *Regan*, 29 Mont. 308, 74 Pac. 737.)

The right to assert the preference and claim the statutory lien, vests in the claimant immediately upon the happening of the designated event, *viz.*, the levy of a writ of attachment, execution or other similar writ upon his employer's property.

The method of asserting the preference and claiming the lien pointed out by the statute consists in giving and serving notice of the claim.  Upon the giving and service of the notice *eo instante* the preference and lien are *prima facie* established by law; that is to say, when these acts have been performed by the claimant, his preference and lien are perfected.  If the claim is not disputed, he has nothing further to do, and the officer must pay the claim out of the property levied upon, and the action cannot be dismissed without claimant's consent. (Sec. 8357.)

For the protection of the original debtor and his creditors against unjust claims by those presenting them, it is. provided in sections 8355 and 8356 that such debtor or creditor, may, within ten days after receiving notice of any such claim, dispute it, in whole or in part, by serving upon the claimant and the officer holding the writ a verified statement ''setting forth that no part of said claim, not exceeding a sum specified, is justly due from the debtor to the claimant for services rendered within the sixty days next preceding the levy of the execution, attachment, or other writ.''  When this notice is received by the claimant, he must commence an action for the recovery of the amount alleged to be due him within ten days, but the officer is required to retain so much of the proceeds of the sale of the property held by him under the writ as may be necessary to satisfy such claim and costs until the final determination of the action.  If the claimant fails to commence suit upon his claim within the ten days specified, he ''is conclusively presumed to have waived his lien.''  (*Shea* v. *Regan, supra.*)

It thus appears that the privilege of asserting the preference claim and the lien is personal to the person falling within the designated class.  He may assert it if he desires to do so, or he may waive it, and rely upon the personal obligation of the debtor.  If the claim is not disputed, it is still necessary for the officer to determine whether it has been properly made out and verified, whether it was presented in time, and

whether, as presented, it shows upon its face that the claimant brings himself within the statute giving him the preference. If the claim is disputed, and a suit is brought upon it, the above matters, which must in the first instance be determined by the officer where the claim is not disputed, would have to be determined by the court as matters of law.

The real subject of the litigation is the debt and not the preference. The preference is established by the filing of the notice claiming the same. If in the litigation it is established that the debt is for wages earned within the specified period, the preference theretofore asserted by the claimant still abides with it, but only as an incident thereto.

No one would question the right of the wage-earner, before he had claimed the preference, to assign and transfer his claim against his employer and the right of his assignee to maintain an action thereon in his own name. By section 8241 "a lien is deemed accessory to the act for the performance of which it is a security." And by section 6857 "the transfer of a thing transfers also all its incidents unless expressly excepted." For instance, the assignment of a promissory note, secured by a mortgage, carries with it the mortgage security incident thereto. (*Hull* v. *Diehl*, 21 Mont. 71, 52 Pac. 783; *First Nat. Bank of Saco* v. *Vagg*, 65 Mont. 34, 212 Pac. 509.)

So in this case, on the same reasoning, it would seem that the assignment to the plaintiff by Marcyes of his claim against the defendants, to which the preference and lien had already attached as an incident, would carry with it the preference and lien, and that plaintiff could maintain an action thereon in his own name; if he established the debt, the incidental preference and lien would still remain with it. Having obtained security for the payment of his claim in the method provided by law, no reason appears why the claimant should not be allowed to realize upon it by assignment or otherwise, the same as any other person may deal with his securities. The right to assert the preference and lien is personal and cannot be assigned, but once it has been established, it follows

as an incident to the assignment of the claim. Such is the holding of many courts.

Construing a provision of the California Code, similar to our section 8354, the supreme court of that state, in *Mohle* v. *Tschirch*, 63 Cal. 381, said: "We can see no legal reason why, after liens in favor of the claims have attached by reason of the notice, an assignment of the claim should not carry the benefit of the liens."

In the case of *Falconio* v. *Larsen*, 31 Or. 137, 37 L. R. A. 255, 48 Pac. 703, the court had under consideration an Act of the Legislative Assembly of Oregon entitled: "An Act to Protect Employees and Laborers in Their Claims for Wages," which in effect is the same as our sections 8354, 8355 and 8356. The plaintiff in that action was the assignee of numerous claims, which had been assigned to him by laborers who had performed services for the defendant, and which had been perfected by the giving of the notice required by the Act prior to their assignment. The court held that the plaintiff could maintain the action; that the preference followed the claims as incidents thereto, and concluded its discussion of the subject with this language: "This interpretation is manifestly in consonance with the spirit of the Act. It was designed to protect a deserving class of individuals, who are usually dependent upon their recent earnings for the sustenance of themselves and those dependent upon them, and it was undoubtedly the purpose of the legislature to make the wages of labor speedily available, and the assignment of their preferred claims would more frequently promote the purpose than otherwise." (See, also, *Alderson* v. *Lee*, 52 Or. 92, 96 Pac. 234.)

The lien given to the laborer for his wages has been properly likened to that of a mechanic or materialman for what is due him. (*Kerr* v. *Moore*, 54 Miss. 288; *Duncan* v. *Hawn*, 104 Cal. 10, 37 Pac. 626; *Murphy* v. *Adams*, 71 Me. 113, 36 Am. Rep. 299.) The great weight of authority, as well as the better reasoning, sustains the rule that a perfected me-

chanic's lien may be assigned, and that the assignee may there-
after enforce it in his own name and in the same method that
the assignor might have done.  (18 R. C. L. 961; 27 Cyc. 258.)

In the case of *Mason* v. *Germaine,* 1 Mont. 263, 272, this court
said: "While a lien is inchoate, and before the completion of
the contract, an assignment of the claim for labor or materials
would not carry a lien; but we can see no reason in law, pub-
lic policy, or principle, why a lien, when perfected, should not
follow the assignment of the claim on which it is founded."

The court was in error in holding, as a matter of law, that
the assignment to the plaintiff of the claim for wages of E. E.
Marcyes against the defendants did not carry with it the lien
which Marcyes had upon the truck described in the complaint,
and in ordering the plaintiff's complaint dismissed.

By cross-assignments of error respondent seeks to have this
[2]  court review the order of the lower court dismissing the
complaint in intervention, and also an order denying its mo-
tion to strike certain allegations from the plaintiff's complaint.
To justify this procedure, counsel rely upon the provisions of
section 9751, Revised Codes of 1921, which provides: "When-
ever the record on appeal shall contain a bill of exceptions or
statement of the case properly settled, setting forth any order,
ruling, or proceeding of the trial court against the respondent,
affecting his substantial rights on the appeal of said cause, to-
gether with the objection and exception of such respondent
properly made, and reserved, settled, and allowed in such bill
of exceptions or statement, the supreme court on such appeal
shall consider such orders, rulings, or proceedings, and the
objections and exceptions thereto, and shall reverse or affirm
the cause on said appeal according to the substantial rights of
the respective parties, as shown upon the record."  But as only
the judgment-roll is before the court on this appeal, the in-
tervener is not in position to invoke the provisions of the
section cited, and his cross-assignments of error cannot be con-
sidered.

The judgment of the trial court dismissing the plaintiff's complaint is reversed and the cause remanded for further proceedings, in accordance with the views herein expressed.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICE RANKIN, and HONORABLE FRANK P. LEIPER, District Judge, sitting in place of MR. JUSTICE HOLLOWAY, disqualified, concur.

MR. JUSTICE GALEN, being absent, on account of illness, takes no part in the foregoing decision.