N. J. NISSEN, Plaintiff and Respondent, v. WESTERN CONSTRUCTION EQUIPMENT CO., a Corporation, Defendant and Appellant.

No. 9851.

Submitted January 3, 1958. Decided February 3, 1958.

320 Pac. (2d) 997.

144

Worden & Worden, Oskar O. Lympus, Missoula, for appellant.

Smith, Boone & Rimel, Missoula, for respondent.

MR. CHIEF JUSTICE HARRISON:

On April 11, 1957, the defendant obtained a judgment in its favor rendered by the district court of the fourth judicial district of the State of Montana, in and for the County of Missoula, wherein it was adjudged that the plaintiff recover nothing upon his cause of action against defendant.

On April 17, 1957, plaintiff filed his notice of intention to move for new trial on the grounds of: (1) newly discovered evidence; (2) insufficiency of the evidence to sustain the verdict. (3) error in law, occurring at the trial and excepted to by the party making the application.

On April 19, 1957, plaintiff filed his motion for new trial based upon the grounds heretofore alluded to. The motion came on for hearing on May 7, 1957, and after argument of counsel it was taken under advisement until May 22, 1957, when the court made an order granting a new trial. From this order defendant has attempted to perfect an appeal.

Plaintiff has filed a motion to dismiss the appeal on the ground that the transcript of the minutes is not certified to by the court as required by R.C.M. 1947, section 93-5608. Defendant resists this motion on the ground that he has had certified by the clerk all things required by the aforementioned section, and since he needs no transcript of the minutes on this appeal it should not be dismissed.

The pertinent portions of section 93-5608 upon which both parties rely reads as follows:

"The record on appeal from an order granting a new trial shall consist of the pleadings and the affidavits used in the hearing, a copy of the motion for a new trial, a copy of the notice of appeal, and a transcript of the minutes of the court used on the hearing, containing all that part of the minutes of the court and all that part of the official stenographic report of the trial which was used on the hearing of the motion for a new trial or which related to questions raised on the hearing, or such parts thereof as may be agreed upon by the parties as sufficient; *such transcript of the minutes shall be prepared, certified by the court as correct,* and filed with the clerk of the court, who shall transmit the same to the Supreme Court as a part of the record on appeal." Emphasis supplied.

In the instant case the defendant has had the following documents certified to by the clerk: The judgment roll; transcript of testimony; settlement of instructions; motion for new trial; notice of intention to move for new trial; and order of court granting new trial. Nowhere does this record or transcript have a certification by the judge of the transcript of the minutes on the motion for new trial.

It should be noted that section 93-5608 provides that on appeal from a judgment in a case where a motion for new trial was made and overruled, the appellant "shall be permitted to use, * * * a transcript of the minutes of the court, prepared and certified in the manner hereinafter provided," in lieu of a bill of exceptions. The manner provided is for the judge to certify the same. Here we do not have either a bill of exceptions or a transcript of the minutes certified to by the judge.

The transcript of the minutes, if here, would include any or all evidence adduced at the trial, including exhibits and the stenographer's notes. Parsons v. Rice, 81 Mont. 509, 516, 264 Pac. 396. In the absence of this transcript of the minutes, or

a bill of exceptions properly prepared, settled and allowed, can this court entertain the appeal?

It is well-settled in Montana, that this court will not reverse a trial court's order or judgment upon errors which can be found only in a bill of exceptions, when such a bill of exceptions has not been properly prepared, settled, and allowed in accordance with the statute. Thompson v. Chicago, B. & Q. R. Co., 78 Mont. 170, 177, 253 Pac. 313. See also, Latimer v. Nelson, 47 Mont. 545, 133 Pac. 680; Montana Mausoleum Co. v. Fava, 66 Mont. 128, 215 Pac. 515. The reason for this is abundantly clear since the trial court's order comes up on appeal aided by the presumption it is correct, and the burden of overcoming the same is on the party appealing. In the absence of some authentic record prepared in the statutory manner, and allowed by the trial court, there is nothing before this court to overcome the presumptions of correctness — nothing upon which to predicate error—nothing upon which the appellant can base his appeal. In that case, this court is faced solely with the judgment roll or that portion of the record properly certified to. De Sandro v. Missoula Light, etc., Co., 52 Mont. 333, 157 Pac. 641; In re Bitter Root Irr. Dist. v. Cooney, 67 Mont. 436, 218 Pac. 945; Thompson v. Twodot Fertilizer Co., 71 Mont. 486, 230 Pac. 588.

It would seem to follow that the same rule should govern on an appeal from an order granting a new trial. That is, if the appellant predicates error upon the ruling of the court, and such error is based upon or is found in evidence or proceedings which are contained only in the testimony, instructions and proceedings during trial, then in the absence of an authentic record of the evidence or proceedings, this court has nothing before it upon which it can act, and upon proper and timely motion we should dismiss the appeal. Compare Northern School Supply Co. v. Ferche, 115 Mont. 605, 155 Pac. (2d) 621.

Looking to the instant case with this rule in mind, we find the following documents have been properly certified

to this court: The judgment roll; motion for new trial; notice of intention to move for new trial; and order of court granting new trial. The transcript of testimony has no proper authentication whether it be called a bill of exceptions or transcript of the minutes since it is not certified to by the judge or settled and allowed in the manner provided for by statute. R.C.M. 1947, sections 93-5505, 93-5608. With the record on appeal in its present state, can this court determine whether the trial court's order granting a new trial was correct? Obviously not!

The order granting the new trial could have been based upon any one of three grounds set out above. The first one could be granted only if the newly discovered evidence is not cumulative and does not tend to impeach the character or credit of a witness. Kerrigan v. Kerrigan, 115 Mont. 136, 144, 145, 139 Pac. (2d) 533; Ebaugh v. Burns, 65 Mont. 15, 210 Pac. 892, 894. How can this court tell whether the evidence adduced at trial supported an order based upon this ground without a transcript of the evidence relevant thereto, The answer is obvious that it cannot.

The answer is the same with regard to reviewing any error based upon the granting of the new trial on the second ground.

"In civil actions, a new trial may be granted for 'insufficiency of the evidence to justify the verdict.' * * * This language has been uniformly held to require the court to grant a new trial if in its judgment *the weight of the evidence does not justify the verdict*. Hamilton v. Monidah Trust, 39 Mont. 269, 102 Pac. 335; Harrington v. Butte & B. Min. Co., 27 Mont. 1, 69 Pac. 102; Patten v. Hyde, 23 Mont. 23, 57 Pac. 407." Emphasis supplied. State v. Schoenborn, 55 Mont. 517, 519, 179 Pac. 294, 295. Where is the weight of the evidence found? In the transcript of the testimony, of course, and without such a transcript we are in no position to determine the correctness of the court's order if based on that ground.

The very wording of the third ground urged for granting a new trial, negatives any thought of this court reviewing an order based upon it without a properly authenticated record

148

of the proceedings at the trial court. If the error at law occurred in the trial, the only manner that fact could be brought to our attention is by bill of exceptions or a transcript of the minutes in the hearing on the motion for a new trial. None exists in this case, and therefore this court has nothing before it to review.

For the foregoing reasons the appeal is dismissed.

MR. JUSTICES CASTLES, ANGSTMAN and ADAIR, concur.