STATE OF MONTANA ex rel. STEVE ELAKOVICH, d/b/a
The Bluebird Bar, Relator and Appellant, v. ALEX
ZBITNOFF, as County Surveyor for Silver Bow County
and the Board of County Commissioners of Silver Bow
County, Montana and Gene Daly, Frank Gorsh, and
Elizabeth Gerry, joint and severally as said Board of
County Commissioners of Silver Bow County and the
Montana State Highway Commission and Roy L. Sorrells,
et al., Respondents.

No. 10547
Submitted September 10, 1963.  Decided November 5, 1963.
386 P.2d 343

John L. Hamner, Butte, John J. McCarthy, Butte (argued), for appellant.

Daniel Sullivan, Helena (argued), Mark Sullivan, Butte (argued), for respondents.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal by relator Steve Elakovich, d/b/a The Blue Bird Bar, from an order directing the issuance of a peremptory writ of mandate. The action was heard by the district court of the second judicial district, sitting without a jury. The court entered such order in favor of relator-appellant, from which this appeal is taken.

Appellant instituted this appeal by submitting a judgment roll, nothing else. Thus, we have no knowledge of the facts and circumstances as they existed at the hearings.

The briefs disclose that prior to 1958, the respondent Montana State Highway Commission, hereinafter referred to as State, maintained as a primary highway a portion of roadway extending westward from Butte through the town of Rocker to Nissler Junction, a distance of six miles. This portion of roadway was designated U. S. Highways No. 10-91,

and it was known by the popular name of "Rocker Road." The town of Rocker was located some four miles from Butte.

In 1958, construction was completed on the relocation of this portion of Highways 10-91. The construction consisted of a new four-lane highway from Butte to Nissler Junction. The newly relocated highway circumvented the town of Rocker and ran generally 400-500 yards north of the old highway. The town of Rocker was served by access approaches to the new highway.

An agreement exists between the State of Montana and the U. S. Federal Government in regard to the Federal Aid Highway System which allows the State only a specified number of primary highway miles. Accordingly, with the inauguration of the new four-lane highway as the primary highway, the "Rocker Road" was removed from the primary system. In effect, this removal means that the "Rocker Road" is still a public road, but that it is not maintained by the State as part of the State primary highway system.

This present action was then commenced to compel maintenance by the respondents (or some, or any of them), of the old "Rocker Road." The original amended affidavit for writ of mandate prayed, among other things, for: (1) the repair and maintenance of "Rocker Road"; (2) $37,000 as damages which appellant allegedly suffered because of wrongful acts or omissions of the respondents; and (3) $5,000 as reasonable attorneys' fees. The court ordered: (1) the writ of mandate be made peremptory as to a portion only of the said access highway; (2) denied apellant's right to special damages; (3) awarded appellant $250 for attorney's fees; and (4) two months later dismissed respondent State Highway Commission as party to the action on motion of its counsel. Appellant appealed from this order.

Appellant's first two specifications of error are: (1) "That serious error in said judgment is patent in the variance between the Judgment and the Pleadings"; and (2) "That in

awarding an insufficient amount for attorneys' fees as damages, contrary to the standards of compensation recognized and established by the bench and bar of this state, the trial court committed an abuse of discretion."

With only the instruments contained in a judgment roll before us, we are limited to our review of the merits of the rulings of the trial court as assigned as the first two specifications of error. With these instruments before us, any change we might make in the lower court's decision would be based on mere speculation of the probable evidence that might have been given at the trial concerning the rulings in question. As we stated in Nissen v. Western Construction Equipment Co., 133 Mont. 143, 146, 320 P.2d 997, 999: "It is well-settled in Montana, that this court will not reverse a trial court's order or judgment upon errors which can be found only in a bill of exceptions when such a bill of exceptions has not been properly prepared, settled, and allowed in accordance with the statute. [Numerous cases cited]" This rule was again reiterated in Puterbaugh v. Ash, 135 Mont. 463, 468, 342 P.2d 742. The reasoning behind this rule should be patent. A trial court's order or ruling is presumed to be correct, and appellant must carry the burden to overcome this presumption. Nissen v. Western Construction Equipment Co., supra. Devoid of the record prepared in the statutorily prescribed manner, and allowed by the trial court, there is nothing for this court to review in determining the merits of the error advanced by the appellant. Thus the presumption that the trial court is correct must logically stand.

Appellant's third specification of error concerns the correctness of a trial court in dismissing (striking) a party-respondent after entry of judgment, to the alleged prejudice of the rights of relator, appellant. In deciding this issue we again find ourself in a dilemma. In reviewing appellant's judgment roll, we find no precise objection, argument or exception to the trial court's ruling on the dismissal of respond-

ent State, as a party-respondent. We do note that in the trial court's order granting the dismissal, there is a reference that appellant did take exception to the dismissal. Whether or not this exception was a mere token exception or whether or not there was merit in the exception we are not in a position to speculate or conjecture.

In chronological order, a brief summary of the events of this action are: Order for writ of mandate and amended affidavit for writ of mandate—February 21, 1962; Court order and peremptory writ of mandate—May 25, 1962; Notice of exceptions (dismissal was not effectuated yet)—June 1, 1962; Notice of compliance by respondent Zbitnoff, as County Surveyor—June 7, 1962; Order for State's dismissal—September 2, 1962. A review of the dates of the events as listed in this chronological order will show that the order had been complied with prior to respondent State's dismissal. It would seem that appellant had not been prejudiced because of this dismissal. We must merely speculate if we are to form a conclusion as to the merits of the dismissal. By reason of the lack of any record, the trial court was justified and did not err in its dismissal of respondent State Highway Commission.

Judgment affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES CASTLES, JOHN CONWAY HARRISON and ADAIR concur.