No. 13282

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

THE STATE OF MONTANA ex rel
ROBERT L. STEPHENS, JR.,

Relator,

-vs-

THE DISTRICT COURT OF THE THIRTEENTH
JUDICIAL DISTRICT OF THE STATE OF
MONTANA, IN AND FOR THE COUNTY OF
BIG HORN, HON. NAT ALLEN PRESIDING;
and THE COUNTY COMMISSIONERS OF BIG
HORN COUNTY, MONTANA,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

Robert L. Stephens, Jr. argued, Billings, Montana

For Respondents:

Hon. Nat Allen argued, Roundup, Montana
James Seykora argued, County Attorney, Hardin,
Montana

For Amicus Curiae:

Smith, Smith and Sewell, Helena, Montana
Robert Sewell argued, Helena, Montana

---

Submitted: March 19, 1976

Decided: MAY 12 1976

Filed: MAY 12 1976

*Thomas J. Kearney*
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Relator applied to this Court for a writ of supervisory control to review a reduced award of attorney fees and expenses in connection with his services as court appointed attorney for an indigent defendant in a criminal case.

Relator is Robert L. Stephens, Jr., a Billings attorney, who was appointed by the district court of Big Horn County to represent Gary Radi, charged with the crimes of deliberate homicide, aggravated kidnapping, and robbery. Respondents are the district court, Hon. Nat Allen, district judge presiding, and the county commissioners of Big Horn County.

Radi was tried by jury with four other defendants. Following trial, relator submitted a claim for his services and expenses to Judge Allen. Relator's claim as submitted was $5,806.50, for 194 1/2 hours services at $25 per hour and miscellaneous out-of-pocket expenses.

Judge Allen approved the claim for $2,746 only. He refused to approve a $200 claim for investigative services (not in issue here), but the principal disallowance was $2,860 in attorney fees. The judge's order explained the disallowance in this language:

> "The reason for cutting the claim for services down $2,860.00 is because Mr. Stephens, in spite of many admonitions by the court, insisted on asking purely educational questions to the jury on voir dire. Since eight days were consumed on voir dire with five paid attorneys participating therein for the defense, Mr. Stephens conservatively used more than one fourth of the time, or over two days asking educational questions over protests of this court. Mr. Stephens asks 286.00 per day for the trial, multiplied by 5 equals $1430.00 per day, and for two days the total sum wasted by Mr. Stephens is $2,860.00."

The Big Horn County commissioners paid only the sum approved by Judge Allen.

Thereafter relator filed an original proceeding in this

Court seeking a writ of supervisory control or other appropriate writ to review the reduction in his claim for attorney fees. Specifically, he seeks payment of the disallowed $2,860 for his services at the trial, $1,250 as attorney fees in this proceeding, and his costs and disbursements herein.

Following ex parte presentation, relator's application was set for adversary hearing and heard on April 8, 1976. Relator and Judge Allen appeared pro se; James E. Seykora, county attorney, appeared on behalf of the county commissioners, and Robert J. Sewell appeared on behalf of the Montana Criminal Defense Lawyers Association, amicus curiae. The matter was taken under advisement following briefs and oral argument.

Two issues are before the Court:

(1) Did the district court abuse its discretion in disallowing $2,860 in attorney fees?

(2) Should relator be awarded an additional attorney fee of $1,250 in this proceeding?

On the first issue, the gist of relator's contention is that the district court's reduction in his attorney fee was unlawfully imposed as punishment for his conduct at the trial. He argues that this action by the district court breached an express agreement between court and counsel on attorney fees; amounted to a "taking" of his property without due process of law; had a "chilling effect" on his client's right to the effective assistance of counsel in violation of constitutional guarantees; and was arbitrary, capricious and beyond the power of the court.

Respondents, on the other hand, contend the district court did not abuse its discretion in its award of attorney fees to relator. They deny the district court exceeded its jurisdiction or that the court breached any agreement on allowance of attorney fees.

At the outset we are confronted with factual disputes

- 3 -

concerning relator's voir dire examination of prospective jurors and whether he was repeatedly admonished by the court. We cannot resolve these disputes without a verbatim transcript of the voir dire. We have but a partial transcript before us, containing only excerpts of the voir dire with respect to motions by counsel for the prosecution and the defense.

Under these circumstances we rely on the presumption that the court order correctly states the facts on which it is based. Jones v. Continental Oil Co., 130 Mont. 267, 300 P.2d 518, and cases cited therein; State ex rel. Elakovich v. Zbitnoff, 142 Mont. 576, 386 P.2d 343. The trial court's order is presumed to be correct, and relator must carry the burden to overcome this presumption. State ex rel. Elakovich v. Zbitnoff, supra; Nissen v. Western Construction Equipment Co., 133 Mont. 143, 320 P.2d 997. We find nothing in the abbreviated record to overcome this presumption. Accordingly, we accept the statements in the court order that relator consumed over two days time asking educational questions on voir dire over repeated admonitions and protests of the court.

Montana's statute governing payment for services of court appointed counsel for indigents in criminal cases, provides in pertinent part:

> "Remuneration of appointed counsel. Whenever, in a criminal action or proceeding, an attorney at law represents or defends any person by order of the court, on the ground that the person is financially unable to employ counsel, such attorney shall be paid for his services such sum as a district court or justice of the state supreme court certifies to be a reasonable compensation therefor and shall be reimbursed for reasonable costs incurred in the criminal proceeding. Such costs shall be chargeable to the county in which the proceeding arose [subject to exceptions not pertinent here]." (Bracketed phrase supplied.) Section 95-1005, R.C.M. 1947.

"Reasonable compensation" to relator is required by this statute. The determination of "reasonable compensation" is a discretionary

function of the judge under the statute. The exercise of a judge's discretion will not be disturbed absent abuse thereof. Luebben v. Metlen, 110 Mont. 350, 100 P.2d 935.

We hold Judge Allen did not abuse his discretion to the extent that he refused to compensate relator for what the judge considered to be two days wasted time in "asking purely educational questions" of prospective jurors on voir dire "in spite of many admonitions by the court" and "over protests by the court". Even the abbreviated transcript before us indicates instances in which relator's voir dire examination was conducted to establish "rapport" with the prospective jurors, to "educate" them, and to point out the disparity of investigative resources available to the state in comparison to the defendant. This type of questioning is extraneous to the legitimate objects of voir dire. See Commentary to § 7.2(c), p. 263, ABA Standards Relating to the Prosecuting Function and the Defense Function, Approved Draft.

The purpose of voir dire is simply to enable counsel to determine the existence of bias and prejudice on the part of prospective jurors and to enable counsel to exercise intelligently his peremptory challenges. State v. Smith, 57 Mont. 563, 190 P. 107; ABA Standards Relating to the Administration of Criminal Justice, § 2.4, pp. 325, 326. We consider it well within a proper exercise of the judge's discretion to disallow compensation for substantial amounts of time consumed in improper, unnecessary or useless services. Reasonable compensation within the meaning of the statute does not require payment for such services.

To the extent the judge refused to compensate relator for such services, his action does not constitute an unlawful punishment of relator for his conduct at the trial. There is nothing unlawful in refusing payment of compensation that is not reasonable, as the judge did here. Such refusal does not constitute

punishment in a legal sense, nor is there any indication that it was imposed as an alternative to a fine in a contempt proceeding.

Relator further argues the action of the district court breached an express agreement between court and counsel to pay him $25 per hour for his services. He points out that counsel for the other defendants were paid on this basis, yet his claim for services at this rate was disallowed in part. We do not consider that a general agreement to pay counsel at the rate of $25 per hour is breached by refusal to pay for services that are improper, unnecessary or useless. To hold otherwise would render the statutory limitation of "reasonable compensation" meaningless.

Relator's contention that refusal to pay adequate compensation for his services amounts to a "taking" of his property without due process of law cannot be sustained. It has been held that this is not a deprivation of the attorney's property without just compensation in violation of the due process clause of the Fifth Amendment to the United States Constitution. United States v. Dillon, 346 F.2d 633, cert.den. 382 U.S. 978, and cases collected in Appendix at p. 637. The same reasoning and result applies under the Fourteenth Amendment due process clause to the United States Constitution and under the due process clause of Montana's Constitution, Art. II, Sec. 17. There is simply no taking of property in a constitutional sense.

Relator also claims the action of the district court had a "chilling effect" on his client's right to the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution. It is difficult to see how this could be here, as relator apparently proceeded much in his own fashion in any event. Considering the broad question of whether inadequately compensated counsel denies the defendant adequate representation

there appears to be a split of authority. It has been stated that the courts generally have rejected this contention. ABA Standards Relating to Providing Defense Services, Approved Draft, Commentary to § 2.4(c), p. 33; State v. Rush, 46 N.J. 399, 217 A.2d 441. Other cases hold this constitutes an impairment of the constitutional right of assistance of counsel. State ex rel. Brundage v. Eide, 83 Wash.2d 676, 521 P.2d 706; Bradshaw v. Ball, Ky. (1972), 487 S.W. 2d 294. Be that as it may, we do not consider the constitutional guarantee of effective assistance of counsel impaired by denial of compensation that is not reasonable.

We affirm the district court's reduction of relator's claim for services by two days time at $286 per day or a total of $572, as a reasonable exercise of discretion.

However, the order of the district court also reduced relator's claim for services by an additional $2,288 to cover wasting the time of four other attorneys for 2 days. This was an abuse of discretion and must be set aside.

The disallowance of the additional $2,288 was imposed in the nature of liquidated damages against relator for his conduct at the trial. It bore no relationship to the remaining services actually performed by relator. It denied relator reasonable compensation for these services. It violated the compensation statute, section 95-1005, R.C.M. 1947. It exceeded by more than four times the maximum fine for contempt. Section 93-9810, R.C.M. 1947.

On relator's second issue, we decline to grant relator $1,250 or any other sum as attorney fees for this original proceeding. There is no statutory authority for granting attorney fees in an action to recover an attorney's claim for services under section 45-602, R.C.M. 1947. Neither is there authority for granting attorney fees on a writ of supervisory control. If

we pierce form and consider this an application for writ of mandate for which attorney fees can be awarded in the court's discretion, we decline to award them in this instance as relator's own conduct was the fountainhead of this proceeding.

In summary, the order of the district court is vacated. This cause is remanded to the district court with directions to approve relator's claim in the additional sum of $2,288 and order payment forthwith. Each party shall bear his own costs.

Frank I. Haswell
_____
Justice

We concur:

Alten T. Harrison
_____
Chief Justice

John Conway Harrison
_____

Wesley Castles
_____
Justices

Mr. Justice Gene B. Daly dissenting:

I do not agree that "reasonable compensation" as required by the statute ever envisioned the extraction of summary penalties by the judge from the fees and costs of public paid lawyers in lieu of imposing the generally recognized sanction of contempt -- if the situation requires a penalty for misconduct at trial.

The real mischief that I perceive here is that in allowing this kind of procedure under the guise of "discretion" in allowing "reasonable fees" smacks of class discrimination because it can only be applied against the economically disadvantaged who are compelled to accept state paid counsel. If a lawyer is representing a economically advantaged person at the same trial and was equally guilty, the court could not impose summary penalties against him because his fee is not in the hands of the state. Therefore, the judge would have to resort to contempt proceedings, designed to apply to all who appear before his bench.

_____
Justice.

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 13282

THE STATE OF MONTANA ex rel.
ROBERT L. STEPHENS, JR.,

Relator,

vs.

THE DISTRICT COURT OF THE THIRTEENTH
JUDICIAL DISTRICT OF THE STATE OF
MONTANA, in and for the COUNTY OF
BIG HORN, HON. NAT ALLEN presiding,
et al.,

Respondents.

FILED

JUN- 4 1976

*Thomas J. Kearney*
CLE... ... ...PREME C....
... ... ... ...

ORDER

PER CURIAM:

A petition for rehearing having been filed by respondents herein,

IT IS ORDERED:

(1) That paragraph 3 and the first sentence of paragraph 4 of the original opinion be deleted and the following substituted therefor:

> "Relator submitted three claims for his services
> prior to trial in the total amount of $5,528.59
> which Judge Allen cut to a total of $4,618.89.
> Costs totalling $516 in these three claims was
> approved. None of these claims or allowances is
> contested in this proceeding.

> "Radi was subsequently tried by jury with four
> other defendants. Following trial, relator sub-
> mitted a fourth claim for his services and ex-
> penses to Judge Allen. This claim as submitted
> was for $5,806.50 for 194 1/2 hours of services
> at $25 per hour and miscellaneous out of pocket
> expenses. It is this claim which is the subject
> of this proceeding.

> "Judge allen approved this fourth claim for
> $2,746 only."

(2) That with the foregoing substitution, the petition for rehearing is denied.

DATED this 4th day of June, 1976.