NO. 94-337

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN RE THE MARRIAGE OF

MICHAEL T. MEYER,

    Petitioner and Respondent,

  and

DEBORAH M. (MEYER) LOPEZ,

    Respondent and Appellant.

**FILED**

DEC 13 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Timothy J. O'Hare, Attorney at Law,
        Lewistown, Montana

    For Respondent:

        Leonard H. McKinney, Attorney at Law,
        Lewistown, Montana

Submitted on Briefs: November 10, 1994

Decided: December 13, 1994

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Petitioner Michael T. Meyer filed a motion to modify a dissolution decree in the District Court for the Tenth Judicial District in Fergus County to require respondent Deborah Meyer Lopez to pay monthly child support for the parties' two minor children. The District Court entered an order modifying the support obligation so that Deborah was required to pay $223 per month per child for support. Deborah appeals. We affirm.

The issues raised on appeal are:

1. Did the District Court properly consider the statutory grounds for child support modification pursuant to § 40-4-208(2)(b)(i), MCA?

2. Did the District Court give Deborah proper credit for variances provided for in the Uniform Child Support Guidelines?

<u>FACTUAL BACKGROUND</u>

Michael and Deborah Meyer were married in Helena on September 30, 1972. At the time of the marriage, Deborah had one child, Tracy, who was born in 1968. Tracy was later adopted by Michael. During their marriage, the parties had two children, Michael Shane and Jillean, born in 1978 and 1980, respectively. In February 1982, Michael filed for dissolution, and a decree of dissolution was entered in June 1982. In a supplemental decree, Deborah was awarded custody and was required to support Tracy. Michael was awarded custody and was responsible for the support of

Michael Shane and Jillean. That decree was affirmed by this Court in *In re Marriage of Meyer* (1983), **204** Mont. 177, 663 P.2d 328.

On February 23, 1994, Michael moved to amend the decree. His motion requested that Deborah be required to make monthly child support payments to support Michael Shane and Jillean. At the **time** of his motion, Deborah was living and working in California and Tracy had reached the age of majority.

Because neither party currently resides in Fergus County, the parties stipulated to file financial affidavits, child support work sheets, briefs, and other documents to support their respective positions. Each party agreed to have the decision based only on the documents filed and waived the right to a recorded hearing. The District Court allowed the stipulation and deemed the matter submitted. On May 18, 1994, the District Court entered an order amending the decree of dissolution and ordered that Deborah pay $446 per month for support.

Review of this case is made difficult by the fact that the parties agreed to submit the issue to the District Court without a hearing or any other form of testimony. Furthermore, we have no record of the attorneys' meeting with the District Court during which they discussed what kind of documentary evidence could be considered. In short, of the few documents in the file submitted for review, we have no way of knowing which documents the court was free to consider by agreement of the parties, and which documents should be excluded, based on our normal rules of evidence. However, since it is apparent from the arguments of the parties

that there was some form of agreement to submit this case to the District Court in its unusual posture, and with deference to the District Court's greater understanding of the parties' actual agreement, we will attempt to review the issues raised on appeal.

The District Court record contains numerous documents. Michael filed his financial affidavit, as required by the Montana Child Support Guidelines. Included with his affidavit are copies of his paycheck stubs. In addition, Michael filed an affidavit to support his motion to amend the decree. The affidavit stated that Deborah is employed, has remarried, and has sufficient income to assist with the support of the two minor children. His main contention was that it was not "equitable" to require him to continue to provide the sole support and maintenance of the minor children.

Deborah also filed a financial affidavit, as required by the guidelines, which included her request for a variance. She claimed she was entitled to a variance under Part L of the financial affidavit because her cost of living is higher in California and she will have to incur additional expense for long distance visitation.

Based on the documents and proposed calculations submitted, the District Court entered its order modifying the decree on May 18, 1994. The court found that Michael was entitled to $223 per child per month for child support until the minor children are emancipated, or their minority ends. In its findings, the court stated that Deborah is entitled to an additional self support

4

reserve because of the cost-of-living differential, and is entitled to a variance in the amount of $450 for the long distance visitation. Deborah appeals from this order.

<u>ISSUE 1</u>

Did the District Court properly consider the statutory grounds for child support modification pursuant to § 40-4-208(2)(b)(i), MCA?

Deborah **claims** that the District Court erred when it modified the support obligation without indicating that it considered the statutory criteria. Section 40-4-208(2)(b)(i), MCA, states that child support may be modified only upon a showing of changed circumstances that are so substantial and continuing that they render the **terms** of the original decree unconscionable. Deborah never raised this issue below, so this Court will not consider it for the first time on appeal. *See Beery v. Grace Drilling* (1993), 260 Mont. 157, 161, 859 P.2d 429, 432. Deborah simply submitted her work sheet, affidavit, and brief, and argued that support should be awarded in the minimum amount allowed by the guidelines. We hold that the District Court did not err by failing to address an issue which was never raised by the parties.

<u>ISSUE 2</u>

Did the District Court give Deborah proper credit for variances provided for in the Uniform Child Support Guidelines?

This Court will only reverse a district court's modification of support if the court's findings are clearly erroneous in light

5

of the evidence in the record. *In re Marriage of Gies* (1985) , 218 Mont. 433, 436, 709 P.2d 635, 637.

Deborah claims entitlement to a cost of living variance pursuant to 46.30.1543(f), ARM, because her rent is higher than Michael's. However, she provided no other information with which to compare their homes, nor did she otherwise document the respective costs of living.

Deborah also claims entitlement to a travel variance pursuant to 46.30.1543[l], ARM, based on a letter from a travel agent setting forth the amount of travel expenses. However, there is no stipulation admitting the letter, nor is there any other foundation of record for its admissibility.

Since Deborah asserted the right to a variance, she had the burden of proving she was entitled to one. To decide in Deborah's favor, we would have to adopt her assertions as true, despite the fact that the record is insufficient to support her assertions. A district court order is presumed to be correct and an appellant must overcome that presumption. *State ex rel. Elakovich v. Zbitnoff* (1963) , 142 Mont. 576, 579, 386 P.2d 343, 345. Absent some evidentiary basis, there is nothing for this Court to review to determine the merits of Deborah's claim, and the presumption that the trial court was correct must stand. *Zbitnoff,* 386 P.2d at 345.

Therefore, the District Court's order is affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as

precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
us ice

We concur:

_____
Chief Justice

_____

_____

_____
Justices